## Continental-Equitable Title & Trust Co., Trustee, Appellant, *v.* Conservation Building & Loan Association et al.

*Trusts and trustees—Trustee taking mortgage of trust property in his own name—Impressing trust on mortgage in hands of assignee—Purchase money mortgage—Recital in mortgage—Notice —Equity.*

The mere fact that one who was a trustee conveyed a piece of land, held partly in his own right and partly as trustee, for which he took a mortgage in his own name, which recited that the premises were the same which the mortgagee, as executor and individually, had conveyed to the mortgagor, and that part of the consideration

money was intended to be secured thereby, and subsequently assigned the mortgage to one having knowledge of the facts, is not sufficient to impress a trust on the mortgage in favor of the trust estate, so as to compel the purchaser of the mortgage to assign it to the estate, and to account.

Argued January 7, 1920. Appeal, No. 32, Jan. T., 1920, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1918, No. 5846, in equity, sustaining demurrer to plaintiff's bill to declare a trust in the case of Continental-Equitable Title and Trust Company, Trustee of the Estate of Charles Mathews, deceased, v. Conservation Building & Loan Association and Harriet M. Custis, Surviving Executrix under the will of Charles Mathews, Jr., deceased. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity to declare a trust and to compel the assignment of a mortgage. Before FERGUSON, J.

The mortgage contained the following recital:

"Being the same premises which Charles Mathews, Jr., remaining executor, etc., and individually, by a certain indenture bearing even date herewith, intended to be forthwith recorded, granted and conveyed unto the mortgagors in fee; part of the consideration therefor is intended to be hereby secured."

The court sustained demurrers to the bill and entered judgment for the defendants, in the following opinion by FERGUSON, J.:

Charles Mathews died May 25, 1899, having made his last will and testament, of which will Charles Mathews, Jr., was, on September 3, 1913, the remaining executor and trustee. On the date last mentioned the executor and trustee conveyed a certain piece of land held in his own right and as executor and trustee. The purchasers executed a mortgage to Charles Mathews, Jr., individually. In the recital of the mortgage it was stated that part of the consideration money was intended to be

thereby secured. Subsequently, Mathews assigned the mortgage to the Conservation Building & Loan Association.

A bill has been filed by the substituted trustee under the will of Charles Mathews reciting the above facts and alleging that the Conservation Building & Loan Association received the mortgage with full knowledge and notice of the fact that the same was given by the purchasers of the land to Mathews, as mortgagee, on account of the purchase price of the premises. The bill further alleges that as a matter of law the assignment of the mortgage did not convey a good title, but the same was impressed with a resulting trust in favor of the estate of Charles Mathews; it being further alleged that Charles Mathews, Jr., was deceased and his estate insolvent. The bill prayed that a decree be entered, declaring the mortgage in the hands of the present holder to be charged with a trust in favor of the estate of Charles Mathews, and that the present holder be required to assign the same to the plaintiff and to account.

The bill is demurred to. We are of opinion the demurrer should be sustained and the bill dismissed.

The bill does not recite the provisions of the will of Charles Mathews, but we must assume that the trustee named in the will had the power to convey the title and to receive the purchase money. If this were not so we would not have before us a proceeding attacking the assignment of the mortgage. The recital is not a necessary part of a deed and is included only as a matter of good conveyancing to show the devolution of title. The language appearing in this recital is the language used to reveal the fact that the mortgage is a so-called purchase-money mortgage. If it is in fact a mortgage to secure purchase money it secures the priority of lien provided by law. If in fact it is not given to secure purchase money the use of such language will not secure such priority: Albright v. Lafayette B. & S. Assn., 102 Pa. 411. We are not concerned to ascertain whether or not

this was a purchase-money mortgage, for no question as to its lien arises. We are asked to hold that, by the language of the recital, an indefinite interest in the mortgage is shown to be in the estate of Charles Mathews. We cannot so hold. The words used were not for the purpose of showing an interest but were for the purpose of showing priority of lien. The mortgage was made to an individual to secure an indebtedness. His interest plainly appeared without qualifying words. He had the right to dispose of the obligation and of the security accompanying it.

Moreover, the mortgagee was the trustee of the estate alleged to be interested. As such he was authorized to receive the purchase money for the land or to secure its payment. That he did not intend to take the security as an investment for the estate appears in the fact that the mortgage was taken by himself individually. He became chargeable, therefore, with the whole amount of the purchase money to which his decedent's estate was entitled, and for that purchase money he is accountable in the court wherein his accounts are to be settled.

If, however, we take a stricter view of the case and assume that the mortgage debt did in part belong to the estate of the decedent, we arrive at the same result. The mortgagee was a trustee for the purchase money. He secured it by a mortgage in his own name. If he sold that security and received the proceeds he still acted as a trustee and is accountable for them, but the purchaser of the security was not chargeable with such notice as to justify a demand that the assignment of mortgage be executed by the assignor, both in his individual capacity and as trustee.

Judgment must be entered for defendant on the demurrer.

Plaintiff appealed.

*Errors assigned* were in sustaining defendants' demurrers, and dismissing plaintiff's bill.

*William F. Brennan,* with him *John R. Umsted,* for appellant, cited, among other cases: Kenworthy v. Equitable Trust Co. 218 Pa. 286.

*James W. Laws, Augustus F. Daix, Jr., Joseph C. Rodel, Thomas J. Norris* and *Theodore F. Jenkins,* for appellees, were not heard.

PER CURIAM, February 2, 1920:

After considering the painstaking argument of counsel for appellant, we are not convinced of error; the decree of the court below is affirmed on the opinion of Judge FERGUSON, appellant to pay the costs.