## Fidelity Mortgage Guarantee Co., Appellant, *v.* Bobb et ux.

Argued December 2, 1931. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Joseph H. Sundheim,* of *Bernheimer & Sundheim,* with him *Herbert M. Levy,* for appellant in No. 311.—Where reference is made in a deed or letter or other writing to another record, or instrument of record, the prior record or deed is incorporated into the latter deed: Lawver v. Anderson, 275 Pa. 211; Deppen v. Bogar, 7 Pa. Superior Ct. 434; Meyers v. Robinson, 74 Pa. 269; Birmingham Boro. v. Anderson, 48 Pa. 253; Cake v. Boro., 43 Pa. Superior Ct. 95.

Plaintiff does not entirely rely on the reference contained in the deed. It submitted uncontradicted evidence that it was intended to convey the City Avenue lot, and that the actual description was omitted by mutual mistake. The mistake must have been mutual for the reason that the grantors were in actual control of the corporation grantee, in fact it was a transfer, as stated by the auditor, "from Bobb to Bobb."

Where plaintiff, seeking to reform a written instrument on the ground of mutual mistake, is forced to rely to some extent on the evidence of the nominal defendants, who have since acquired an adverse interest to that of plaintiff, a chancellor should not require of their evidence the same standards that he would require of disinterested witnesses: Lever v. Lagomarsino, 282 Pa. 110; Safe Dep. & Trust Co. v. Mfg. Co., 229 Pa. 295; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108; Hetherington v. Clark, 30 Pa. 393.

Where a property is conveyed in fraud of creditors and the fraudulent grantee mortgages the property to an innocent third party, the rights of the mortgagee are not superior to the rights of the creditors of the grantor.

At common law all liens on the real estate were entitled to priority, according to their date of delivery, regardless of the time they were recorded: Rosa v. Hummel, 252 Pa. 578; Beman Thomas Co. v. White, 269 Pa. 261; Burns v. Coyne, 294 Pa. 512; Brumbach v. Pearson, 78 Pitts. L. J. 451.

*Thomas O. Haydock, Jr.,* for judgment creditors, appellee in No. 311.—Doctrine of incorporation by reference does not apply.

What appellant is trying to do is to say that the "Being" clause which starts "Being the same premises" means something more than just that; he is trying to read into it the word "All"; "Being all of the same premises." The lot Bobb conveyed was the same premises which he received from Goodwin but it was not all of the same, as he received two pieces. There is no evidence of any intent to convey more than one.

Again appellant falls into an error when he asks the witness Bobb, what he intended to convey. It matters little what were his unexpressed intentions at the time of the conveyance. Objection was made, at the time, to Bobb testifying to what he intended to convey.

An examination of the testimony does not show Anna Bobb to be a purchaser for value and without notice, but to be a very interested party with notice of her husband's financial difficulties and the one to whom the husband turned in order to manipulate his property in such a way as to avoid his creditors: Ridgeway's App., 206 Pa. 587.

The judgments were on record long before the mortgage.

It matters little what Bobb intended to do when he deeded to the Anita Realty Company, as his unexpressed

intention or belief existing at the time of the execution is not evidence: Cullman v. Lindsay, 114 Pa. 166; Cake v. Bank, 116 Pa. 264; Thomas v. Loose, 114 Pa. 35; Juniata B. & L. Assn. v. Hetzel, 103 Pa. 507.

*Hugh Roberts*, for Abraham Rosenthal, appellant in No. 314.—An auditor or court has no right to mark a judgment satisfied except under Act of March 14, 1876: O'Connor v. Flick, 265 Pa. 49; Felt v. Cook, 95 Pa. 247.

*Thomas O. Haydock, Jr.*, for judgment creditors, appellee in No. 314.—Whether or not the auditor had the right to mark the judgment satisfied matters little.

OPINION BY MR. JUSTICE MAXEY, March 14, 1932:

By a single indenture two distinct pieces of real estate in Philadelphia were conveyed to Joseph Bobb by Rose M. Goodwin (single) on August 29, 1924. One of these pieces fronted 170 feet on 63d Street and it contained an apartment house. The other fronted 28 feet on City Avenue. This latter lot ran back in an "L" shape so that it joined the rear of the 63d Street property. Both lots were fully described by metes and bounds in the Goodwin deed.

On August 3, 1925, Joseph Bobb and Annie, his wife, deeded this 63d Street property to the Anita Realty Company, a corporation, the stockholders of which were Joseph Bobb, Annie Bobb, his wife, and Annie's brother and sister. This deed conveyed "all that certain lot or piece of ground with the buildings and improvements theron erected on the southwesterly side of 63d Street," etc. It made no reference whatever to the City Avenue lot but it contained this paragraph, after the description of the 63d Street property: "Being the same premises which Rose M. Goodwin, singlewoman, by Indenture bearing date the 29th day of August, 1924, and recorded in deed book J. M. H. No. 1951, page 168, etc. granted and conveyed unto the said Joseph Bobb, in fee." On

March 16, 1928, the Anita Realty Company deeded both the 63d Street property and the City Avenue property to Annie Bobb. Both properties were in that deed fully described by metes and bounds.

In order to pay off certain mortgages on the 63d Street Street property, Annie Bobb borrowed money and as security gave a mortgage in the sum of $15,000 on the City Avenue lot. This mortgage dated December 18, 1928, was accompanied by a bond in the sum of $30,000. Annie Bobb and Joseph Bobb, her husband, executed both bond and mortgage. The mortgagee and the obligee in the mortgage and bond respectively were the Fidelity Mortgage Guarantee Company, the present appellant, hereinafter referred to as the Guarantee Company. On April 8, 1930, the mortgagors and obligors defaulted in the payments due. Judgment was entered in favor of the Guarantee Company on the bond and damages were assessed at $17,000. The property was sold to the Guarantee Company for $18,600 in a deed acknowledged on July 3, 1930, and an auditor was appointed to take testimony, to make findings of fact in law and to distribute the fund.

After the transfer on August 3, 1925, by Joseph and Annie Bobb to the Anita Realty Company of the 63d Street property by specific description, but not the City Avenue lot, unless the above clause beginning with "Being" is construed to include the City Avenue lot, a number of judgments were entered against Joseph Bobb. The opposing claims before the auditor were between these judgment creditors and the Guarantee Company. If the deed of Joseph and Annie Bobb to Anita Realty Company dated August 3, 1925, is construed as including both lots, then the Guarantee Company is entitled to the fund arising from the sale of the City Avenue lot; if it is determined that the City Avenue lot is not included in that deed, the creditors of Joseph Bobb who obtained or entered judgment against him after the date he conveyed away his interest in the 63d Street property

while still retaining the City Avenue lot would be entitled to the fund arising from the sale of the City Avenue lot.

We agree with the court below in sustaining the finding of the auditor that the City Avenue lot was not included in the deed of August 3, 1925, but that the lot was still owned by Joseph Bobb when the judgments against him were entered.

When Joseph Bobb acquired these two lots in 1924 by deed from Rose M. Goodwin, that deed described distinctly, as already noted herein, two separate lots, one the 63d Street lot and one the City Avenue lot. After the description of the 63d Street lot in this deed were the words "Being the same premises which Joseph Bobb and Annie, his wife, granted and conveyed unto the said Rose M. Goodwin, a singlewoman, in fee," and following this there are certain building restrictions specified, a certain mortgage assumed. Then there appears this language "Also that certain lot or piece of ground, etc." Then follows a description of the City Avenue lot. After this description came the words 'being the same property which Patrick J. Donegan and Annie, his wife ......granted and conveyed unto the same Rose M. Goodwin in fee."

The auditor aptly said: "It is true that these two conveyances appear in one deed, but they are conveyances of distinctly different pieces of property. When, therefore, the deed made by Joseph Bobb to the Anita Realty Company described one of these lots, the one on 63d Street, and spoke of it as the same premises which Rose M. Goodwin by indenture bearing date the 29th of August, 1924, had conveyed to Joseph Bobb, this language seems perfectly consistent with the language of the preceding deed. The premises in question were a distinct part of the same premises conveyed to Bobb by the deed of August 3, 1925. They were one of the two premises deeded by that deed, and we think the language would fully justify this construction."

The clause beginning "Being the same premises" is obviously put into a deed for the purpose of calling attention to the links in the chain of title. It is placed there for that purpose rather than for the purpose of completely identifying the property conveyed. In one sense, the 63d Street property described in the deed of Goodwin to Bobb and Bobb was "the same property" the grantor had obtained from her grantor, though it was not *all* of "the same property" thus obtained. The word "same" is often used loosely. For example, when it is said that two books are printed on the same paper, it is not meant thereby that both books are printed on identically the same sheets of that paper. While the word "same" is sometimes used in the sense of "identical" they are not always synonymous. "Identical" means absolute agreement in all features, while the word "same" may or may not mean complete agreement in all features. Lexigraphically it is as correct to interpret "same" as used in the deed clause referred to as "part of the same," as it is to interpret it as "all of the same," and since the specific description in the deed in question describes fully the 63d Street property and makes no mention whatever of the City Avenue property, the obviously correct interpretation of "same" in that clause is as being synonymous with "part of the same." This interpretation is also called for by considerations of public policy, for many situations are likely to arise where to interpret "same" in a clause of this kind as meaning "all of the same" instead of "part of the same" would lead to confusion in land titles. The safer rule of interpretation is to interpret it under circumstances such as are present in this case as meaning *part* of the same property and not as meaning *all* of the same.

It is a familiar rule of construction that "the express mention of one thing in a grant implies the exclusion of another": 18 C. J. 260, section 216. This principle is exemplified in the rule that: Where a road is expressly granted and its precise location and limits are fixed and

defined by deed, no easement of another road or right of way is created by implication, except when the intention of the purpose that such an easement should be created clearly appears: Bosch v. Hoffman, 42 Pa. Superior Ct. 313. Another rule of construction is that "subsequent words of doubtful import will not be so construed as to contradict preceding words": 18 C. J. 268, section 227.

The most appellant can claim for the phrase "being the same" is that it is of doubtful import. It can with equal correctness be interpreted as being "all the same" premises or as being "part of the same" premises. Therefore, as the preceding words described only the 63d Street propety, the phrase, "the same premises" should be construed as not including the City Avenue property. The case of Lawver v. Anderson, 275 Pa. 211, stressed by appellant, lays down the principle that when "the thing granted has been described by its number as found on the ground, or a plat, or by a name by which it is known or designated, or where it is described as a tract occupied by a particular person, such description has been held sufficient in a conveyance," etc. The ruling of the court below manifestly does not offend this principle. We have in the deed in question no reference to a number or a plat or to a tract occupied by a particular person. The other cases cited by appellant, such as Deppen v. Bogar, 7 Pa. Superior Ct. 434, and Meyers v. Robinson et al., 74 Pa. 269, refer to maps or plans. There is no map or plan mentioned in the deed in question.

The appellant further contends that it was the intention of both parties in the conveyance in question to include the City Avenue lot and that its omission from the deed was a mutual mistake which should be reformed in equity.

This court in Williamson v. Carpenter, 205 Pa. 164, held that "The evidence necessary to reform a deed on the ground of mistake must be clear, precise and indubitable, of such character as would move a chancellor

to reform a written instrument, not of such character as might induce a jury to reform it; and it must relate to the time when the instrument was executed." To the same effect is Thompson, Receiver, v. Schoch, 254 Pa. 585.

The auditor was justified in finding that the evidence in the present case falls far below these standards of proof. The auditor correctly says: "There was throughout the entire testimony either a deliberate attempt to conceal facts or an utter vagueness in regard to them."

The auditor further found from competent testimony that the obvious purpose in making the deed to the Anita Realty Company was "to juggle with a piece of property for the purpose of eluding the grasp of creditors." Several suits had been begun against Joseph Bobb prior to the transfer of the property and a few months after the transfer numerous judgments rendered on other claims, though Bobb denied that creditors were pressing him for money. At least four of the judgments ultimately obtained were on suits begun before the transfer of the property and a number of the judgments were entered as of 1926. The auditor held that even if the testimony measured up to the standard of proof required to reform a deed, which it does not, equity should not lend its aid to the carrying out of the obvious purpose of Mr. and Mrs. Bobb to place their property beyond their creditors' reach.

The court below correctly upheld the auditor's conclusion that the only premises conveyed to the Anita Realty Company by the deed of Joseph Bobb et ux. dated August 3, 1925, were those fronting on 63d Street; and the deed given Annie Bobb by the Anita Realty Company, dated March 16, 1928, gave her no title to the lot fronting on City Avenue, and that the City Avenue lot was owned by Joseph Bobb at the time of the entry of the judgments against him after August 3, 1925, which was the date he conveyed to the Anita Realty Company the 63d Street property, and that the creditors plaintiffs

named in these judgments were entitled to the fund in controversy according to the order of their respective priorities.

There is another question in this case which the auditor decided though he frankly expressed doubt of his right to do so. On January 21, 1927, a judgment was entered by Fred Fluck against Joseph Bobb in the sum of $3,500 in the Court of Common Pleas No. 4, indexed No. 13053, December Term, 1926. An allegation was made by petition that this judgment had been paid and a rule was granted by the Court of Common Pleas No. 4 to mark it satisfied. The auditor says in his report: "Mr. Haydock, representing the attack on the judgment, stated that he is willing to withdraw his rule in Common Pleas No. 4, and that he was satisfied that the auditor had authority to determine whether or not the judgment was paid. On the strength of this the auditor took testimony and now makes a decision. The findings of the auditor on this point are submitted for what they are worth, with the distinct understanding that the rule to have the judgment marked satisfied in the case in Court of Common Pleas No. 4 shall be withdrawn."

Subsequent to the filing of the auditor's report, Abraham Rosenthal petitioned the Court of Common Pleas No. 3, below, asking for a rehearing and a reargument on the decision of the court as to the payment of the aforesaid judgment of Fred Fluck against Joseph Bobb. He avers that he is the real party in interest in said judgment, that he obtained it by an assignment from Annie Bobb, the wife of the defendant named in that judgment, and that Annie Bobb obtained the assignment of the judgment under seal from Fred Fluck, judgment creditor and plaintiff therein, that this assignment was obtained from Fluck by Annie Bobb because she paid the amount of her husband's debts to Fred Fluck under an agreement with Fluck (afterwards merged into written assignment under seal) that whenever said Fred Fluck had received all moneys due him she, Annie Bobb, was

entitled to receive from him written assignment thereof under seal. Rosenthal's petition sets forth that the auditor assumed jurisdiction in the matter solely upon the assurance by the attorney of the attacking creditors that the proceedings in respect to that judgment in Common Pleas No. 4 should be withdrawn. Rosenthal avers that the rule has not been withdrawn and that the case is at issue in that court. In view of the status of the case in the Court of Common Pleas No. 4, we think the issue in respect to the judgment should be disposed of by that court. Therefore we will set aside the auditor's finding of fact No. 13 and his conclusion of law "G" and the approval thereof by the Court of Common Pleas No. 3, solely on the ground that the auditor had no jurisdiction to make that finding and reach that conclusion. This we do without prejudice to the rights of the respective parties to this judgment to press the issue pending as to it in the Court of Common Pleas No. 4.

With this qualification, the judgment of the court below is affirmed, but distribution of the fund in controversy is suspended and it is ordered that the fund remain in statu quo until the issue as to the judgment of $3,500 indexed to No. 13053, December Term, 1926, Court of Common Pleas No. 4, is determined in that court. When that issue is determined, distribution of the fund in controversy shall be made in accordance with the findings of the auditor as approved by the Court of Common Pleas No. 3 in all matters before the auditor except the judgment above referred to. That judgment's relation to the fund in controversy depends on the determination in the proper forum of its validity.