## Leonidas v. Carrozza

Before Valentine, P. J., Aponick and Pinola, JJ.

*Kenneth J. English,* for plaintiff.

*Albert B. Carrozza,* for defendant.

PINOLA, J., January 27, 1949.—On November 3, 1948, plaintiff filed with the prothonotary his præcipe directing the issuance of a writ of scire facias on a mortgage given by W. C. Carrozza to the Peoples Union Savings Bank of Pittston, dated July 14, 1924, and recorded in Mortgage Book 273, page 509, on July 15, 1924. The prothonotary was directed to "insert in said writ the sum for which said mortgage was given, the conditions of payment and a description of the mortgaged premises", and "to incorporate in said writ" the fact that the mortgage had by operation of law passed to the Miners Savings Bank of Pittston, which assigned it to plaintiff by two assignments, the first recorded on March 13, 1946, and recorded in Mortgage Book 430, at page 600, and the second recorded on July 12, 1948, recorded in Mortgage Book 485, page 299; that W. C. Carrozza is the real owner; that default has been made in the payment of the bond which the mortgage was given to secure, and that by reason of said default there is now due the following amounts:

Principal on mortgage . . . . $16,655.00
Attorney's commission . . . .   1,665.50
Insurance premiums, repairs,
    water rents . . . . . . . . . . .  11,537.22

    or a total of . . . . . . . .  $29,857.72

with interest on $16,655 from February 22, 1938.

Attached to the præcipe is an affidavit by Kenneth J. English, attorney for plaintiff, who deposes that the affidavit is made by him for and on behalf of plaintiff, that "according to the best of his knowledge, information and belief, W. C. Carrozza is the real owner of the premises described in the foregoing mortgage; that default has been made in the payment of the bond secured by said mortgage, and that by reason of such default there is justly due and owing under the terms of said mortgage the foregoing amounts".

The writ, which appears to have been prepared by counsel for plaintiff, recites that the principal sum of the mortgage is $40,000, that it contains the description of three parcels of land situate in the City of Pittston which were contained in the mortgage, that the mortgage was due at the expiration of one year from its date, together with interest at the rate of six percent payable in quarter-annual installments, that the second parcel of land described in the mortgage was released from the lien of the mortgage, and that by two assignments, the second to correct an error in the assignee's name in the first, the mortgage and bond were assigned to plaintiff; that defendant neglected to pay the principal sum of $40,000 when it was due on July 15, 1925, that he neglected to pay interest, taxes and insurance premiums, whereupon the Miners Bank assumed control and the collection of rents and the management of the property described in the mortgage, on October 25, 1937; that following the assignment, plaintiff assumed the control and collection of the rents and management of the properties; that the mortgagees in possession have received rents totaling $24,940.20, which entire sum was applied to the payment of taxes, water rents, insurance premiums, repairs and improvements on the mortgaged properties, as well as interest on the indebtedness, with the result that there is now due the principal sum of $16,655, with interest from February 22, 1938, amounting to

$7,290.34, and taxes, insurance, water rent and repairs in the sum of $11,537.22.

Defendant caused an appearance to be entered on his behalf by Albert B. Carrozza, Esq., on November 16, 1948, and, on November 22, 1948, he presented a motion to quash the sci. fa. sur mortgage for the following reasons:

(1) No affidavit or averment of default has been filed by plaintiff.

(2) No true, exact, complete account, showing how balance due was arrived at, has been set forth in the writ.

(3) Defendant, on September 30, 1947, to no. 2, December (eq.) term, 1947, filed bill in equity against plaintiff and Miners Savings Bank of Pittston, Pa., demanding an accounting to which defendants therein filed answers. Defendant avers exclusive jurisdiction therefore is in equity and no further proceedings should be had herein until disposition of said equity case.

(4) No affidavit of real owner is attached to the writ of sci. fa.

(5) The præcipe and writ of sci. fa. sur mortgage are insufficient in law.

1. In connection with objection 1, our court rule 31A provides:

"The præcipe for a writ of sci. fa. sur mortgage shall contain a reference to the record, the date of the instrument and the names of the parties thereto. It shall be accompanied by a *statement under oath setting forth the default* and a suggestion of the money or interest due, or other damages, *and all other facts* that may be *necessary* to sue forth the writ."

It is to be noted that it does not require the statement under oath to be by plaintiff himself.

The Act of July 9, 1901, P. L. 614, sec. 1, cl. 10, as amended, 12 PS §309, may be of some help. It provides:

"The plaintiff . . . in any writ of scire facias sur mortgage . . . *or some person on his behalf* shall file with his præcipe an affidavit, setting forth to the best of his knowledge, information and belief, who are the real owners of the land charged."

If a third person may file the affidavit of real owner, why should not one's attorney swear to the affidavit of default?

We are of the opinion that what a party may do, he may do through his attorney in the absence of any restriction.

In Swartz v. Morgan, 163 Pa. 195, Justice Mitchell pointed out (page 199) that,

"An attorney employed to bring suit, has authority to take all the steps necessary in the regular course of litigation. . . . 'In Pennsylvania the authority of an attorney is more extensive than in other countries; and indeed it would be difficult to point out any matter or thing in the legitimate conduct of a suit to judgment which he may not do.' "

We overrule objection 1.

2. With reference to objection 2, we agree that the præcipe and the writ fail to disclose the complete accounting to which defendant is entitled, but it is an objection to the writ as a pleading and should be raised by demurrer for want of a sufficient statement: 13 Pa. Standard Practice 648, 659; Baker et al. v. Keystone Coal Co., 14 Luz. L. R. 5.

Therefore, this objection is overruled.

4. We believe that objection 4 is without merit. The affidavit of plaintiff's counsel to the præcipe for the writ specifically avers that William C. Carrozza is the real owner.

Our court rule 31B provides:

"The plaintiff shall file with his præcipe an affidavit as to the real owners as required by the Act of July

9, 1901, P. L. 614 (12 P. S., Sec. 309) and its supplements."

The act referred to specifically authorizes the affidavit to be made by the plaintiff "or someone on his behalf".

Hence, this objection is overruled.

5. The præcipe and the writ are insufficient in that they do not set forth when and how default took place. They contain a statement that no payments were made since 1931, that possession was taken in 1937, that interest was due from February 22, 1938, but there is no detailed accounting of the rents collected and the payments made by either the Miners Savings Bank or Evangalos Leonidas. The averment is that defendant failed to pay $40,000, which was due on July 15, 1925, and there is no record of the payments made or credits given when the second parcel of land and part of the third parcel were released from the mortgage. However, this objection, like objection 2, should be the basis of a demurrer. It must be overruled.

3. Objection 3 presents an important procedural problem. Defendant avers that he filed a bill against plaintiff and the Miners Savings Bank of Pittston to no. 2, December term (equity), 1947, for an accounting and that, equity having acquired jurisdiction, no further proceedings should be had herein until the disposition of that case.

Plaintiff contends that this objection "sets up matter de hors the record and cannot be considered in support of defendant's motion."

Reference to the files in that case reveals that defendant avers a willingness to pay to plaintiff whatever amount is determined to be due from him on the mortgage. At the same time he asks that plaintiff and the Miners Savings Bank of Pittston be enjoined from disposing of any of the property subject to the

lien of the mortgage and from acquiring for themselves any title to the same which may now be held by the Commissioners of Luzerne County. An answer was filed by plaintiff and the bank to which are attached accounts of the rental receipts and expenditures. The matter is ready for trial.

In Shotkin et ux. v. Presbyterian Church Board of Pensions, 343 Pa. 650, a bill for injunction was dismissed because it was filed *after* defendant had obtained a judgment in foreclosure proceedings. But the court pointed out, page 652:

"Nor are there any allegations in the bill to warrant a decree for an accounting."

In the case before us, the bill is for an accounting and was filed long before these foreclosure proceedings were begun. Equity properly takes jurisdiction when accounts are complicated: Thomas et al. v. Waters, Admr., et al., 342 Pa. 125.

Where two actions between the same parties, on the same subject, and to test the same rights, are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of coördinate power is at liberty to interfere with its action. This rule rests on comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results: 21 C. J. S. 745, §492. See also Kowatch v. Home B. & L. Assn., 131 Pa. Superior Ct. 517, Trees et al. v. Glenn, 319 Pa. 487, and Fidelity Mortgage Guarantee Co. v. Bobb et ux., 306 Pa. 411.

We are aware that the only defense to a sci. fa. sur mortgage is satisfaction or payment of part or all of

the mortgage money, or any other lawful plea, and that the allegations contained in the bill in equity cannot be incorporated in this proceeding by reference, but as Judge Hoban pointed out in Morosini to use, etc., v. Cappellini et al., 42 Lack. Jur. 59, 60:

"It may be that as a matter of formal pleading all the allegations of the Bill in Equity should be copied in full as an actual defense to the sci. fa. to constitute 'the lawful plea' provided by the Act of 1705, 1 Smith's Laws, 57, Section 6, (21 P. S., Sec. 791), and we can certainly see the necessity therefor if our respective law and Equity Courts in this district were subject to the separation of time and space factors which might render the actual production of the files in the cases difficult. But where the matter in question is handled in the same court room, at the same Argument Court and comes before the same judge for the purpose of stating the opinion of the Court, it would seem to be a useless act to require the amendment of this answer before considering either the question of the right to judgment or the propriety of a stay of proceedings."

The equity action will determine the amount due from defendant in this case. If he does not then pay that amount, plaintiff can proceed with the foreclosure.

Therefore, without intending to establish a precedent, because of the peculiar situation, we will deny the motion to quash the proceedings, but we will stay the proceedings pending the determination of the suit in equity.

Accordingly, we enter the following

### Order

Now, January 27, 1949, it is ordered that the proceedings herein are stayed pending the final disposition of the proceedings in equity, no. 2, December term, 1947.