**Otter Run Fish & Game Club, Inc. v. Clark**

*Patrick H. Fierro,* for plaintiff.
*Scott A. Williams,* for defendant.

GREEVY, *P. J.,* August 4, 1975.—In this action in equity plaintiff, Otter Run Fish & Game Club, owner of a 990-acre tract of land in Pine Township, claims ownership of all the mineral rights thereto and the monies realized by defendant, Vida M. Clark, from leasing agreements for any mineral rights on the aforementioned tract of land after February 24, 1942. Defendant admits that plaintiff is the owner of land but contends that she owns the mineral rights other than coal.

We make the following

## FINDINGS OF FACT

1. On March 7, 1931, Frank W. Clark and Vida M. Clark, his wife, deeded the land in question and a tract in McHenry Township to Otter Run Fish & Game Club, reserving "all of the coal, fire clay, oil, gas or other minerals under or upon the above described property; it being specifically agreed, however, that one-half (½) of all sum or sums of money by way of royalti, [sic] leases or otherwise realized by the said grantor, his heirs, executors, administrators, assigns and lessees from coal, fire, [sic] clay, oil, gas or other minerals thus reserved shall belong to and be paid to the said Otter Run Fish and Game Club." Said deed is recorded in Lycoming County deed book 285, page 536.

2. On February 24, 1942, Frank W. Clark and Vida M. Clark, his wife, executed a deed, recorded in Lycoming County deed book 319, page 75, to Otter Run Fish & Game Club, conveying "All the coal within or under lying" the land in Pine Township previously conveyed as set forth in paragraph 1.

3. On March 1, 1953, Frank W. Clark died. His wife, the defendant, Vida M. Clark, survived him and thereby became vested with title to the reserved interests in the land in question (defendant's exhibit no. 4).

4. In 1959 defendant entered into an agreement with the Felmont Oil Corporation (defendant's exhibit no. 5), leasing the oil and gas rights to the Pine Township property, and plaintiff accepted one-half of the payments under that lease during the period from July 24, 1959, through July 24, 1961.

5. In 1971 defendant leased the oil and gas rights to C. E. Beck (defendant's exhibit no. 6), with plaintiff again accepting one-half of the payments (defendant's exhibit no. 2).

6. Vida M. Clark owns all of the mining rights, except coal.

## DISCUSSION

There is no disagreement regarding the effect of the first deed, but the latter deed planted the seed for the present action in equity. Defendant stresses the fact that the paragraph describing the interest conveyed describes that interest as "All the *coal* within or underlying" (emphasis added). Plaintiff contends that the parties intended to convey all of the mineral rights to the property, pointing to part of the recital which sets forth: "The purpose of this deed is to transfer the *mineral rights* to the Otter Run Fish & Game Club, Inc." (Emphasis added.)

The resolution of this matter lies in a proper interpretation of the 1942 deed. The following rules of construction aid the court in this determination:

"Among such rules are those providing: (1) that the nature and quantity of the interest conveyed must be ascertained from the instrument itself and cannot be orally shown in the absence of fraud, accident or

mistake and we seek to ascertain not what the parties may have intended by the language but what is the meaning of the words; (2) effect must be given to *all* the language of the instrument and no part shall be rejected if it can be given a meaning; (3) the language of the deed shall be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.": Highland v. Commonwealth, 400 Pa. 261, 283, 161 A. 2d 390 (1960); cert. denied, 364 U.S. 901, 81 S. Ct. 234; cert. denied, 364 U.S. 620, 81 S. Ct. 357; Yuscavage v. Hamlin 391 Pa. 13, 16, 137 A. 2d 242 (1958).

We find that no fraud, accident, or mistake was involved in the 1942 deed, and, therefore, the extent of the grant must be determined from the language of the deed. The description of the extent of the grant clearly and unambiguously refers to "All the coal within or underlying" the land. The fact that the recital of the deed sets forth that its purpose is to transfer "the mineral rights" does not indicate fraud, accident, or mistake, although it does render the plaintiff's confusion understandable.

The phrase "the mineral rights" does not appear in the description of the grant but only in the recital, which is not a necessary part of the deed: Continental-Equitable Title and Trust v. Conservation B. & L. Assn., 266 Pa. 298, 109 Atl. 776 (1920); Ontelaunee Orchards v. Rothermel, 139 Pa. Superior Ct. 44, 11 A. 2d 543 (1939). The recital may be used to explain or clarify where the operative words of the deed leave the meaning uncertain, but, as previously mentioned, the operative words of the description are unequivocal in the 1942 deed, and the recital cannot enlarge a clearly defined grant. Where the words of the recital conflict, the operative words control if certain and definite: Wilson Estate, 363 Pa. 546, 70 A. 2d 354 (1950); Ladner, §6:11, n. 45.

Two other rules of construction are helpful here: (1) "the express mention of one thing in a grant implies the exclusion of another," and (2) "subsequent words of doubtful import will not be so construed as to contradict preceding words.": Fidelity Mortgage Guarantee Co. v. Bobb et ux., 306 Pa. 411, 418, 419, 160 Atl. 120 (1932).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and of the subject matter.

2. Plaintiff owns the land and the coal rights.

3. Defendant retains ownership of all the mineral rights in the Pine Township property except coal.

4. Defendant does not owe plaintiff monies realized from leasing agreements for mineral rights other than coal on the Pine Township property since February 24, 1942, up to the date of the last payment, August 1, 1972.

5. Plaintiff continues to be entitled to one-half of all monies received by way of royalties, leases or otherwise realized from the mineral rights in the property other than coal, as described in the March 31, 1931 deed.

## DECREE NISI

And now, August 4, 1975, upon consideration of the foregoing, it is ordered, adjudged and decreed as follows:

1. That judgment be and it is hereby entered in favor of defendant, Vida M. Clark, and against plaintiff, Otter Run Fish & Game Club, Inc.

2. That the costs of these proceedings be paid by plaintiff.

The prothonotary is directed to enter this decree nisi and to give notice to the parties or counsel of

record of this decree and, if no exceptions are filed within 20 days after notice of the filing of the adjudication the decree nisi shall be entered by the prothonotary, on praecipe, as the final decree.