# Craig v. Craig

C.P. of Butler County, no. AD-95-110590.

*Michael Gallagher,* for plaintiffs.

*William D. Kemper,* for defendants.

SHAFFER, *J.,* March 8, 2002—Before the court is defendants' motion for post-trial relief. For the reasons set forth below, the motion is denied.

This action arose over a dispute to the title of a 0.164-acre parcel of land in Venango Township, Butler County. Plaintiffs claim that their predecessors in title, also plaintiffs in this case, did not intend to convey the subject acreage which defendants claim they have acquired. Defendants deny that a mutual mistake occurred. This court found that the 0.164-acre parcel was never conveyed to defendants, and that it is owned in fee simple by plaintiffs. Defendants subsequently filed a motion for post-trial relief.

To summarize this court's reasoning in its January 24, 2002 opinion: The Campbell heirs conveyed the 0.164-acre parcel to plaintiffs. The Campbell heirs then conveyed an adjoining 54 acres to the Van Buskirks, excepting and reserving plaintiffs' parcel. The Van Buskirks then conveyed six acres of this adjoining land to plaintiffs. Plaintiffs desired to convey this six acres of land to defendants, and did so. The metes and bounds description in the deed that conveyed the six acres from plaintiffs to defendants described the land being conveyed as including the six acres the Van Buskirks conveyed to plaintiffs, and also the 0.164 parcel owned by plaintiffs, that was never owned by the Van Buskirks. From the sentence "being all of the land of Roy M. and Frances A. Van Buskirk lying south and east of the public road known as Goff Road," that follows the metes and bounds description, this court found that plaintiffs never intended to convey that parcel to defendants.

Defendants now argue that the sentence which includes "Containing six acres of land more or less, and being a triangular parcel of land, and being all of the land of Roy M. and Frances A. Van Buskirk lying south and east of the public road known as Goff Road" is merely a recital, because it is not a necessary description of the land, and thus cannot limit the metes and bounds description by excluding the 0.164 acres in question.

Defendants cite to *Fidelity Mortgage Guarantee Co. v. Bobb,* 306 Pa. 411, 160 A. 120 (1932), for their argument that a recital cannot limit or narrow the property description in a deed. The court in *Fidelity* found that a sentence in the deed was a recital because it was "put into a deed for the purpose of calling attention to the links in the chain of title . . . rather than for the purpose of completely identifying the property conveyed." However, in this case, the sentence defendants argue is a recital is not a recital. The sentence is "being a triangular parcel of land, and being all of the land of Roy M. and Frances A. Van Buskirk lying south and east of the public road known as Goff Road." This sentence follows, and is in the same paragraph as, a metes and bounds description of the property. The next paragraph is a sentence that is clearly a recital, as it gives a detailed description of the chain of title. From the language and organization of this deed, it is clear that the sentence defendants focus on is not a recital, but is a part of the property description.

Further, the sentence is a *necessary* part of the property description. It is clearly included to define the metes and bounds description as the property formerly owned by the Van Buskirks, and to declare the plaintiffs' inten-

tion to convey to defendants only the land formerly owned by the Van Buskirks.

The metes and bounds description of the land includes the 0.164 acres in dispute, but the sentence describing the land being conveyed as that formerly owned by the Van Buskirks excludes the 0.164 acres. Thus, portions of the necessary description are conflicting. It is well established that "the intention of the parties which is the ultimate guide by which all deeds must be interpreted." *Maxwell v. Saylor,* 359 Pa. 94, 96, 58 A.2d 355, 356 (1948). The construction of the deed must be governed by the intention of the parties at the time of the transaction, as gathered from a reading of the entire deed. *Empire Coal Mining & Development Inc. v. Department of Environmental Resources,* 678 A.2d 1218 (Pa. Commw. 1996). If the deed is ambiguous, then all attending circumstances at the time of the execution should be considered in determining the intent of the parties. *Id.* As the conflicting descriptions render this deed ambiguous, the court will look at the entire deed, and all attending circumstances, to determine the intent of the parties.

The metes and bounds description in the deed conveying land from plaintiffs to defendants is an exact copy, except for replacing "grantees" with "Victor and Louise J. Craig," of the description in the prior deed in which the Van Buskirks sold the six acres to plaintiffs. In that deed, the Van Buskirks mistakenly included the 0.164 acres in the description of the six acres being conveyed, although they did not own that land. Thus, when plaintiffs copied the inaccurate language from that deed, and used it in the deed which conveyed that land to defendants, they mistakenly included the 0.164 acres in their metes and bounds description.

Further, the disputed acreage contains a garage adjacent to plaintiffs' home. Plaintiffs own the garage, paid for the garage, and paid taxes on the garage. By looking at the property, it is clear that this 0.164-acre parcel is a part of plaintiffs' residence, not part of the main parcel formerly owned by the Van Buskirks.

The intent of the parties most likely follows the clauses in plain non-legal language, not the technical metes and bounds description, because these are the clauses they would have understood when reading the deed. As plaintiffs did not object to the language of the deed, it is obvious they either did not understand or pay enough attention to the metes and bounds description enough to detect the inconsistency. The deed twice states that the land being conveyed is only the six acres formerly owned by the Van Buskirks. This is stated in plain non-legal language on the face of the deed, and is thus persuasive evidence of plaintiffs' intent.

Looking at the language of the deed and the surrounding circumstances, it is clear that the intent of the plaintiffs was to convey only the land previously conveyed to them by the Van Buskirks, which does not include the 0.164-acre parcel that their garage sits on.

The case law on how to divine the intent of the parties when there are conflicting clauses in a deed is old and limited in scope. The most relevant case law to the present situation states that a general clause, having definite legal import, is not limited by subsequent words when another reasonable construction for them can be found. *In re Brolasky's Estate,* 309 Pa. 197, 163 A. 292 (1932). In this case, the general metes and bounds description

will not be limited by the subsequent clause limiting it to the land previously conveyed by the Van Buskirks if another reasonable construction for the subsequent clause can be found. However, no other reasonable construction is possible. The two clauses clearly disagree on whether the 0.164 acres is included in the land being conveyed. Thus, in order to interpret the deed so as to reflect the parties' intent, the general metes and bounds description which describes the land being conveyed as containing the 0.164 acres will be limited in scope by the subsequent language limiting the land conveyed to that previously conveyed by the Van Buskirks. Accordingly, defendants' post-trial motions are denied.

### ORDER

And now, March 8, 2002, upon consideration of defendants' post-trial motions, it is hereby ordered that the motions are denied.