J-S15018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BAYER, J., AND BAYER, D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| BAUER, F., AND SHOUP, M. | |
| Appellants | No. 696 MDA 2014 |

Appeal from the Order Entered on March 19, 2014
In the Court of Common Pleas of Sullivan County
Civil Division at No.: 2009-CF-85

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:

Appellants Florence E. Bauer and Mary Shoup appeal the trial court's March 18, 2014 order, which denied Appellants' motion *in limine* seeking to preclude the introduction of parol evidence in this declaratory judgment action concerning mineral rights; nullified a deed purporting to transfer mineral rights to Appellants; and declined to find any reservation of mineral rights in the deed transferring the property at issue to Appellees James Bayer and Diana Bayer (collectively, "the Bayers").  We affirm.

The trial court has provided the following factual and procedural history of this case:

[The Bayers] instituted this action [against Florence [E.] Bauer, individually and as executrix to the estate of Walter Bauer,[1]] seeking declaratory relief regarding the coal, oil, gas, [fire clay,] and all minerals and metal of whatever nature (hereinafter "mineral rights") pertaining to fifty (50) acres of land situate in Cherry Township, Sullivan County, Pennsylvania (hereinafter "the premises"). In 1965[,] Florence [M.] Bauer and Walter Bauer, mother and son and both of whom are now deceased [hereinafter, "the Decedents"], acquired title as joint tenants to the [p]remises by deed of Andrew Horutz . . . . In 1978, [the Decedents] acquired title as joint tenants to the oils, gases and minerals pertaining to the premises by deed of Michael J. Lisowski *et ux.* . . .

In the fall of 1993[,] [the Decedents] listed the premises for sale in the multi-list service. The multi-list advertisement did not specify any exception or reservation of any interest in the minerals. To the contrary, the multi-list advertisement evidenced that mineral rights were included with the sale. The agreement of sale also did not specify any exception or reservation of any interest in the minerals. On April 21, 1994[,] [the Decedents] conveyed to [the Bayers] the premises . . . . The Deed contains the following language, which is the subject of this litigation:

> The Grantors herein are granted by the above set forth Deed all coal, oil, gas, fire[], clay and all minerals and metal of whatever nature to the above set forth [p]remises.
>
> Being the same premises described in a deed from Andrew Horutz, single[,] to [Decedents,] dated April 29, 1965[,] and recorded May 13, 1965, in Sullivan County . . . .

The [Decedents] further received a deed from Michael J, Lisowski and Theresa A. Lisowski, his wife, dated November 14, 1978, and recorded in Sullivan County . . ., said deed conveying [the Lisowskis'] interest in all coal, oil, gas, [fire clay], and all minerals and metal of whatever nature to the above set forth premises.

_____

[1] Mary Shoup later was joined as an indispensable party defendant in an amended complaint.

Florence M. Bauer predeceased Walter, thereby vesting title to the premises, including any claim by the Bauers to the title to the [mineral] rights, in Walter. Walter passed away on June 30, [2]006. Defendant Florence [E.] Bauer (hereinafter "Ms. Bauer") is Florence M. Bauer's daughter and Walter Bauer's sister and is the executrix of both [Decedents'] estate[s].

Ms. Bauer testified at her deposition that she had nothing to do with the subject property . . . in 1994, at the time it was sold [to the Bayers]. Despite testifying that [Walter, her brother,] owned and sold other properties, Ms. Bauer testified that her brother never excepted or reserved any other oil and gas rights out of any other property than the one at issue before [the trial court]. When asked about her basis of belief that the mineral rights did not transfer to [the Bayers] via the 1994 deed, Ms. Bauer testified that "Walter wouldn't transfer anything" because "he wanted to hold on to the mineral rights[."] The [trial court] finds this testimony somewhat inconsistent.

Until January 28, 2009, when Ms. Bauer caused a deed to be recorded between the Estate of Walter . . . and Bauer to herself and her sister, Mary Shoup, Ms. Bauer, as executrix of the estates of Walter and Florence Bauer, did not acknowledge any interest in the mineral rights of the subject property. Ms. Bauer did not list any rights to subsurface rights in the inventory or the inheritance tax return she filed for either [of Decedents'] estates. In fact, Ms. Bauer testified that she was shocked when she became aware of [the Bayers'] lawsuit.

In or around January 2009[, Ms. Bauer, as executrix of the estate of Walter Bauer,] executed and recorded a Deed purporting to convey the minerals [from Walter's estate] to Defendants Florence E. Bauer[,herself,] and Mary R. Shoup . . . . Meanwhile, on or about May 24, 2008[, the Bayers] leased the minerals to Chesapeake Appalachia, LLC . . . . Hence, the instant litigation.

This matter came before the [trial court] for a non-jury trial, . . .[,] and the matter is now ripe for decision. Prior to the trial, [Appellants] filed a Motion *in Limine* requesting [the trial court] to consider only the plain language of the deed at issue, namely the deed transferring the premises from [the Decedents] . . . to [the Bayers]. In response, [the Bayers] assert that the deed on its face is ambiguous because it is susceptible to two or more reasonable constructions and[,] as

such[,] parol[] evidence must be considered. . . . [The trial court] agrees with [the Bayers] and [Appellants'] Motion in *Limine* shall be denied.

Trial Court Opinion, 3/19/2014, at 3-6 (citations omitted). In its opinion, the trial court explained that it reviewed parol evidence to resolve the dilemma caused by the deed's ambiguity. Based upon that evidence, the trial court construed the deed in favor of the Bayers and granted the Bayers injunctive relief, securing their title to the contested mineral rights.

On March 31, 2014, Appellants timely filed post-trial motions[2] seeking judgment notwithstanding the verdict, which the trial court denied on April 14, 2014. On April 15, 2014, Appellants filed the instant appeal. On April 16, 2014, the trial court entered an order directing Appellants to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellants timely complied. The trial court did not enter a Rule 1925(a) opinion. However, we find that the opinion accompanying the trial court's March 19, 2014 order adequately addresses each of the issues raised by Appellants. Consequently, the issue is ripe for our review.

Appellants present the following issues:

_____

[2] Post-trial motions must be filed within ten days of the trial court's service upon counsel of the order entering the verdict this case, which occurred on March 19, 2014. *See* Pa.R.C.P. 227.1. Pursuant to that rule, the failure to file post-trial motions results in waiver of all issues for purposes of appeal. However, in this case, the tenth day after the service of the verdict fell on Saturday March 29, 2014, effectively extending the deadline to the following Monday, March 31, 2014. Consequently, Appellants timely filed their post-trial motion in this case.

> 1. Did the trial court err by allowing parol[] evidence to be entered at trial to determine the meaning of all of the language in the Deed at issue and relying upon it in its verdict and opinion?
>
> 2. Did the trial court err in its reading of the language in the legal description of the Deed[,] to wit[:] "The Grantors herein are granted by the above-set forth Deed all coal, oil, gas, fire, clay, and all minerals and metal of whatever nature to the above set forth premises" by failing to find that it is a reservation clause in favor of [Appellants]?
>
> 3. Did the trial court abuse its discretion in relying upon speculation by [the Bayers'] witnesses as to who prepared the Deed, especially when it contradicted the written evidence?
>
> 4. Did the trial court err[,] in that its verdict was contrary to the weight of the evidence produced at trial[,] and misapply the facts to the law?

Brief for Appellants at 7.

Appellants' first two issues as stated essentially challenge the court's determination as a matter of law that the language of the instrument at issue was ambiguous, leading the court to consider parol evidence in gleaning the intent of the parties to that instrument. Appellants' second two issues go to the trial court's weighing of the evidence introduced at trial. Accordingly, we address Appellants' first two issues in tandem.

The trial court opinion and the arguments of the parties are most easily addressed in the full context of the language of the two deeds discussed at length by the trial court and the parties. The first in time, which is the deed transferring the mineral rights from the Lisowskis to the Decedents, provides, in relevant part, as follows:

WITNESSETH, that the [Lisowskis], for and in consideration of the sum of $1.00 . . . have remised, released and quit-claimed, and by these presents do remise, release and forever quit-claim unto [the Decedents], their heirs and assigns,

ALL that certain lot, piece or parcel of land . . . bounded and described as follows:

[metes and bounds of the Property]

BEING AND INTENDING to describe the same premises conveyed to [the Lisowskis] by deed from Joseph Saunders and Anna Saunders, his wife, and James Saunders and Millie Saunders, his wife, being the heirs-at-law of Lewis Troioni and Ellen Troioni, said deed dated October 4, 1978 and recorded November 20, 1978 in Sullivan County . . .

[The Lisowskis] herein are granted by the above set forth deed all coal, oil, gas, fire clay and all minerals and metal of whatever nature to the above set forth premises. It is the specific intention of this deed to convey to the [Decedents], their heirs, executors and assigns, sole and complete ownership of all surface and subterranean rights to the above described premises and further to extinguish any and all rights reserved by Lewis Troioni and Ellen Troioni in the above described premises.

Deed, recorded 12/11/1978, at 1.

The deed by which the Bayers obtained title to the Property, the interpretation of which is directly presented by this case, provides, in relevant part, as follows:

WITNESSETH, that in consideration of the sum of seventy thousand and no/100 Dollars ($70,000), in hand paid, the receipt whereof is hereby acknowledged; [the Decedents] do hereby grant and convey to [the Bayers], their heirs, and assigns,

[metes and bounds of the Property]

The [Decedents] herein are granted by the above set forth deed all coal, oil, gas, fire, clay and all minerals and metal of whatever nature to the above set forth premises.

Being the same premises described in a deed from Andrew Horutz, single[,] to [the Decedents,] dated April 29, 1965, and recorded May 13, 1965, in Sullivan County Deed Book Volume 76 at page 286.

The [Decedents] further received a deed from Michael J. Lisowski and Theresa A. Lisowski, his wife[,] dated November 14, 1978, and recorded in Sullivan County Deed Book 91 at page 697, said deed conveying their interest in all coal, oil, gas, fire, clay and all minerals and metal of whatever nature to the above set forth premises.

Deed, recorded 4/28/1994, at 1.

Two legal standards govern our review in this matter. Because the Bayers sought and obtained declaratory judgment, "our scope of review is narrow":

[W]e are limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed or whether the trial court abused its discretion. The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence. Where the trial court's factual determinations are adequately supported by the evidence we may not substitute our judgment for that of the trial court.

*Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa. Super. 2005) (quoting *Pressley v. The Travelers Prop. Cas. Corp.*, 817 A.2d 1131, 1137 (Pa. Super. 2003)).

Because this action called upon the trial court to interpret a deed, our review further is governed by the following standard:

When construing a deed, a court's primary object must be to ascertain and effectuate what the parties themselves intended. *Mackall v. Fleegle*, 801 A.2d 577, 581 (Pa. Super. 2002). The traditional rules of construction to determine that intention

- 7 -

involve the following principles. First, the nature and quantity of the interest conveyed must be ascertained from the deed itself and cannot be orally shown in the absence of fraud, accident or mistake. *Id.* We seek to ascertain not what the parties may have intended by the language but what is the meaning of the words they used. *Id.* Effect must be given to all the language of the instrument, and no part shall be rejected if it can be given a meaning. *Id.* If a doubt arises concerning the interpretation of the instrument, it will be resolved against the party who prepared it. *Id.* . . . To ascertain the intention of the parties, the language of a deed should be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed. *Id.*

*White*, 875 A.2d 318 at 326-27 (citations modified). Where language in a deed is ambiguous, *i.e.*, consistent with two or more reasonable interpretations, the court may review parol evidence to resolve the ambiguity. *Baney v. Eoute*, 784 A.2d 132, 136 (Pa. Super. 2001) (citing *Samuel Rappaport Family P'ship v. Meridian Bank*, 657 A.2d 17, 21 (Pa. Super. 1995)).

The court found the 1994 deed allegedly conveying only the surface rights to the premises to the Bayers to be ambiguous. Consequently, it denied Appellants' motion to preclude the introduction of parol evidence, heard said parol evidence during the bench trial, and relied upon it in resolving the ambiguous language in favor of the Bayers, based upon the court's inferences regarding the parties' intentions. The court also indicated that the same result was compelled independently by the principle that ambiguous language must be construed against the party who drafted the deed. The parties disputed whether counsel for the Bayers or for the Decedents had drafted the contested deed. The court determined that

counsel for the Decedents had done so. **Compare** T.C.O. at 10 (citing testimony supporting the Bayers' interpretation of the deed in support of its ruling) **with id.** ("In this case, the deed was drafted by counsel for [Decedents] and because [the trial court] finds that said deed is ambiguous, it must be construed against them.").

Appellants are correct, as per the principles set forth, *supra*, that the trial court's review of parol evidence is proper only in the event that the court properly found that the language of the 1994 deed conveying the premises from the Decedents to the Bayers was ambiguous. The language found by the trial court to be ambiguous comes immediately after the description of the premises' metes and bounds: "The Grantors herein [, *i.e.*, the Decedents,] are granted by the above set forth deed all coal, oil, gas, [fire clay] and all minerals and metal of whatever nature to the above set forth premises." Deed, 4/28/1994, at 1. The parties' and the trial court acknowledge that this language closely resembles language in the 1978 deed conveying the contested mineral rights from the Lisowskis to the Decedents, which provides that "[t]he Grantors[, *i.e.*, the Lisowskis,] herein are granted by the above set forth deed all coal, oil, gas, fire clay and all minerals and metal of whatever nature to the above set forth premises." Deed, 12/11/1978, at 1. The parties' dispute primarily focuses upon the placement of this language. In the 1994 deed, the language directly follows the description of the metes and bounds. Consequently, its reference to "the above set forth deed" lacks a referent because no deed whatsoever is

alluded to in the preceding text of the deed. Conversely, in the 1978 deed, the language appears **after** a description of a preceding deed conveying the premises from the Saunders to the Lisowskis.

Distilling the question to its essence, the ambiguity concerns whether, as the Bayers maintain, that language constituted a mere recital, *i.e.*, an account of the chain of title by which Decedents came to possess their interest in the premises, or, as Appellants maintain, a reservation of rights, *i.e.*, an indication of the parties' intent that certain interests in the premises were not to be transferred by the deed.[3] Any ambiguity on this point would justify the trial court's reliance upon parol evidence.

The trial court's conclusion that the 1994 deed is ambiguous is stated, but is not developed in detail. **See** T.C.O. at 9. However, the trial court's review of the parties' arguments, which precedes its assertion that the 1994 deed was ambiguous, roughly suggests its basis for so concluding. Therein, the court discusses the parties' respective views of the import of the similarity of language between the 1978 deed and the 1994 deed and the

---

[3] A "recital" is language entered into a deed "for the purpose of calling attention to the links in the chain of title . . . rather than for the purpose of completely identifying the property conveyed." **See Craig v. Craig**, 56 Pa. D. & C.4th 353, 355 (Butler Cty. 2002) (quoting **Fid. Mortgage Guar. Co. v. Bobb**, 160 A.2d 120, (Pa. 121 1932)). "A reservation is the creation of a right or interest [that] had no prior existence as such in a thing or part of a thing granted." **Baptist Church in Great Valley v. Urquhart**, 178 A.2d 583, 586 (Pa. 1962) (quoting **Lauderbach-Zerby Co. v. Lewis**, 129 A. 83, 84 (Pa. 1925)).

respective placement of that language, the latter of which differs in potentially meaningful ways. **See** T.C.O. at 7-9.

It is not clear, based upon our review of Pennsylvania precedent, that prior deeds are not extrinsic evidence that must be disregarded unless and until ambiguity is found in the deed directly at issue. However, in cases where we have found no such ambiguity, we have relied nonetheless upon earlier deeds in the chain of title making that determination. **See, e.g., Wyskinski v. Mazzotta**, 472 A.2d 680, 683-84 (Pa. Super. 1984); **cf. Wagner v. Landisville Camp Meeting Ass'n**, 24 A.3d 374, 378-79 (Pa. Super. 2011) (considering the lack of a *habendum* clause in the chain of title preceding the contested title without expressly finding ambiguity).

In any event, given that the crux of this case inheres upon the precise meaning of the above-quoted language from the 1994 deed, we find that the trial court did not err in deeming that deed ambiguous *vis-à-vis* the mineral rights language because the reference to the "above stated deed" is inherently unclear given the absence of any such "above stated deed" located above the reference. That language reasonably suggests that the clause was intended as part of a recital, just as its placement reasonably suggests that the clause was intended as a reservation of the mineral rights in favor of the Decedents. That lack of clarity, standing alone, renders appropriate the trial court's decision to seek clarification by reference to

- 11 -

parol evidence, including the language of the 1978 deed.[4] Because Appellants' first two issues depend upon their claim that the trial court improperly deemed the 1994 deed ambiguous on its face, these issues lack merit.

Appellants' remaining two issues challenge the trial court's denial of their post-trial motion for judgment notwithstanding the verdict, and solely implicate the trial court's weighing of the parol evidence that we have determined the court properly admitted. "We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the case. Further, the standard of review for an appellate court is the same as that for a trial court." *Campo v. St. Luke's Hosp.*, 755 A.2d 20, 23 (Pa. Super. 2000) (citations and internal quotation marks and modifications omitted). Under the circumstances presented, "[j]udgment notwithstanding the verdict can be entered only if the . . . evidence is such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant." *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999). "In reviewing the sufficiency of the evidence[,] we are required to view the evidence in the light most favorable to the verdict winners." *Ferry v. Fisher*, 709 A.2d 399, 402 (Pa. Super. 1998).

---

[4] We may affirm the trial court's ruling "on any correct basis." *Rambo v. Greene*, 906 A.2d 1232, 1235 n.4 (Pa. Super. 2006).

We may quickly set aside Appellants' third issue. That issue concerns Appellants' claim that the trial court erroneously concluded, based upon the evidence, that the Decedents' attorneys prepared the 1994 deed and that, because it is ambiguous, the deed must be construed in favor of the Bayers. As noted, *supra*, the trial court cited this principle as an alternative basis for relief, sufficient but not necessary to its ruling. Because we find sufficient the court's principal basis for so ruling—that the parol evidence indicated that the clause in question was intended as part of the deed's recital language rather than as a reservation—we need address only that question, which Appellants take up as their fourth issue. Accordingly, the third issue does not require our review.

Appellants' argument in support of their fourth issue is garbled. It contains a handful of challenges to the evidence that the trial court relied upon in concluding that the Decedents intended to convey, and the Bayers to obtain, the mineral rights, but entangles that argument variously with redundant assertions reiterating their challenges to the trial court's finding of ambiguity in the first instance and the court's reliance upon the principle that ambiguous language must be interpreted against the drafting party. **See** Brief for Appellants at 30-33. We find that the trial court's analysis adequately rebuts Appellants' argument in this regard:

> [The Bayers] assert that [Appellants] testified at their depositions that they have no personal knowledge, whatsoever, pertaining to [Decedent's] conveyance of the Premises to [the Bayers]; [Decedents] are not available to testify as to their intent[;] and that the agreement of sale and the multi-list

advertisement indicate that [the Decedents] intended to convey the mineral rights.

Pursuant to correspondence received by [the trial court] from [Appellants'] counsel, [Appellants] assert that if [the trial court] is to consider any parole evidence, the only evidence to be considered is that the [premises were] listed for [$89,000]; that on the listing agreement between [Decedents] and [Appellants] there was a box labeled minerals and the word yes was included in the box[;] and that [the Bayers] actually purchased the [Premises] for [$70,000]. Based upon this, [Appellants] assert, there was a reduction in price and the only plausible reason is that the mineral rights were not conveyed to [the Bayers].

In response to this assertion, [the Bayers] called Mary Lou Klem, a real estate salesperson for America's Choice who was involved in the transaction between [the Decedents] and [Appellants]. Ms. Klem testified that the multi-list [listing] did include the mineral rights. When asked if the price reduction was a reflection of the mineral rights not being conveyed, Ms. Klem responded[,] "No. I can remember very well and I'll say this very honestly back in that era, there was never a negotiating— mineral rights negotiations because it was not an issue."

Upon review of the entire record, including the testimony of record and the deposition[s] of [Appellants], [the trial court] agrees with [the Bayers]. [The Bayers] testified that when they were looking to purchase a property in 1994, Ms. Klem made sure that the properties contained the mineral rights, pursuant to [the Bayers'] wishes. The multi-list advertisement clearly states that the mineral rights to the premises would be conveyed. [Appellant Ms. Bauer] never listed any . . . subsurface rights in the inventory or the inheritance tax return she filed for either [Decedent's] estate.

T.C.O. at 9-10 (footnote and citations omitted).

Appellants do not dispute that the evidence cited by the trial court finds support in the record. Nor do they establish that such evidence was insufficient in its own right to support the trial court's conclusion that the parties to the transfer mutually intended to convey the mineral rights with

- 14 -

the Premises. Instead, Appellants simply challenge the evidence relied upon by the trial court by referring this Court to the contrary evidence Appellants submitted during the trial. In effect, Appellants ask us to substitute our own view of the cold record for that of the trial court. We are constrained by our standard of review from doing so. Accordingly, Appellants' generalized challenge to the trial court's denial of their motion for judgment notwithstanding the verdict on the basis of the court's weighing of the trial evidence fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2015