# Maranatha Settlement Association, Inc., Appellant, v. Evans.

Argued April 20, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*W. F. Steigerwalt,* with him *Henry Villa* and *Reabuck & Villa,* for appellant.

*Paul A. McGinley,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, May 21, 1956:

The sole question involved in this appeal is whether a bathing right, granted in deeds to the purchasers of certain lots, constituted a license, an easement in gross, or an easement appurtenant. We are of opinion that the court below correctly decided that it was an easement appurtenant.

Evans-Yale Realty Corporation, being the owner of farm land in Lehigh County, prepared and placed on record a plan showing a division of the tract into building lots. It entered into agreements for the sale of these lots and executed deeds to the purchasers; one of the defendants holds title to a lot as an original purchaser, but all the other defendants are grantees of prior owners.

The corporation, having constructed a swimming pool on the tract, inserted in all its deeds to purchasers of the lots a provision that "The Grantee and his immediate family only, shall enjoy the free use of the swimming pool." However, plaintiff, Maranatha Settlement Association, Incorporated, which, several years later, received title to the tract from Evans-Yale Realty Corporation less the lots which had theretofore been conveyed, forbade defendants, the then owners of some of the lots, from enjoying the use of the pool, claiming

that the privilege was limited to the immediate grantees from Evans-Yale Realty Corporation or from plaintiff on the ground that it was merely a license or easement in gross and did not pass to the assignees of the original purchasers. Defendants, on the other hand, interpreted the grant of the privilege as extending to them, their heirs and assigns, claiming that it attached to the estates and not merely to the persons of the owners of the lots, in short, that it was an easement appurtenant.

The court below entered a decree holding that defendants and their families were entitled to the use of the pool, but subject to the reasonable rules and regulations adopted by plaintiff with reference thereto, and that they could not dispose of their rights to anyone other than purchasers of their respective properties. Plaintiff appeals from that decree.

The extent of the grant that was made in the deeds from Evans-Yale Realty Corporation of the privilege of bathing in the pool depends entirely upon the intent of the parties as determined by a fair interpretation of the language employed and consideration of all the attendant circumstances: *DeSanno v. Earle,* 273 Pa. 265, 274, 117 A. 200, 204; *Finley v. Glenn,* 303 Pa. 131, 137, 154 A. 299, 301; *Lindenmuth v. Safe Harbor Water Power Corporation,* 309 Pa. 58, 64, 163 A. 159, 161; *Shawnee Lake Association v. Uhler,* 131 Pa. Superior Ct. 146, 154, 198 A. 910, 914; 17 Am. Jur. 930, §10. So viewing the question it seems utterly impossible to believe that the intention was to give the privilege of bathing in the pool only to the original purchasers of the lots as a mere easement in gross, much less a revocable license. It may well be asked, why should the right have been given to the original purchasers as individuals wholly apart from their status as owners of the neighboring lots in view of the fact that such

a purchaser might remain the owner merely for a very short time and then deed the title to an assignee, in which case, if plaintiff's position were correct, he would still have the right to bathe in the pool as possessing an easement in gross, but on the other hand the new owner of the property and all subsequent owners and occupants would have no right to the bathing privilege at all. It is argued that in the phrase: "The Grantee and his immediate family only, shall enjoy the free use of the swimming pool," the word "only" limits the privilege to the original grantee and his family, but a more rational interpretation is that "only" restricts the use to "immediate family" but does not qualify the word "Grantee." It is true that the words "heirs and assigns" are not included after the word "Grantee," but a subsequent provision imposes upon "The Grantee, *his heirs and assigns*" the duty of complying with any rules and regulations that the grantor might make,—a provision recognized by the court in its decree which limited defendants accordingly; from this there can be no conclusion other than that the privilege granted was not a personal one to the original grantee, which is further borne out by the fact that other provisions forbid the grantee—without adding the words "heirs and assigns"—from using his lot for commercial purposes and from constructing any cesspool thereon except by permission of the grantor; plaintiff would scarcely contend that because of the absence of the words "heirs and assigns" these restrictions were meant to apply only to the original purchasers. Moreover, whatever may have been the legal effect prior to the Act of April 1, 1909, P. L. 91, §1, as amended by the Act of April 30, 1925, P. L. 404, §1, of the omission of those words, that act abolished the need of words of inheritance or of perpetuity in the deed in order to convey a fee simple title, and by

any reasonable interpretation of the act it must be held applicable to the grant of an easement as well as to the conveyance of the title; see American Law of Property, Vol. II, p. 245, §8.23; Restatement, Property, §468.

As far as the case of *Miller v. Lutheran Conference and Camp Association,* 331 Pa. 241, 200 A. 646, is concerned, on which appellant principally relies and in which it was assumed that the boating, bathing and fishing privileges there involved were easements in gross, those privileges had been acquired by a named individual without reference to, or connection with, any ownership of land, and therefore the discussion in that case is inapplicable to the present facts.

Appellant, pointing out that the deeds from Evans-Yale Realty Corporation contained a reservation that "No water rights shall pass by this conveyance, but all of said rights of every nature, kind and description are reserved to the grantor, its successors and assigns, contends that this refutes defendants' claim to the use of the swimming pool and establishes that all the "water rights," having been reserved by Evans-Yale Realty Corporation, passed by the conveyance from the latter to the plaintiff. It is not clear what was intended by the term "water rights" as thus used in the deeds, but in any event the reservation cannot be held to justify the denial of the specific right to use the pool which was granted in the very next clause following the reservation in question.

Decree affirmed at appellant's cost.