409 A.2d 48

**Robert H. BRADY, Jr., and Barbara B. Brady, his wife, Appellants at No. 929,**

**James A. Spark, Appellant at No. 930,**

v.

**John YODANZA and Rose M. Yodanza, his wife, Kenneth R. Kruchensky and Dianne K. Kruchensky, his wife, Dennis D. Lawrenzi, and Carol L. Lawrenzi, his wife, Ronald Calvin Bramhall and Darryl L. Bramhall, his wife, Robert F. McCorkle and Cecelia R. McCorkle, his wife, Joyce E. Hall, a/k/a Joyce Hall and Rose Marie Adamcik.**

Superior Court of Pennsylvania.

Argued April 10, 1978.

Filed Aug. 22, 1979.

Petition for Allowance of Appeal Granted Oct. 29, 1979.

32

John N. Scales, Greensburg, for appellants.

Roland T. Keddie, Greensburg, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This case presents the sole question of whether appellees have the use of a thirty-foot easement over separate pieces of land owned by appellants. The Westmoreland County Court of Common Pleas concluded that such a right existed, and consequently denied appellants' prayer for injunctive relief. We disagree and reverse that order.

The salient facts of the case are not in dispute. It is, rather, their interpretation *vis-a-vis* the intent of the parties and settled principles of property law that is the source of contention. Succinctly, the facts are as follows. Appellants Robert H. Brady, Jr. and James A. Spark own separate but

adjoining tracts of land in Sewickly Township, Westmoreland County. Abutting appellants' property to the east is a series of tracts owned by appellees. The property of all parties to this action was originally purchased from a pair of common grantors, John A. Filapose, et ux., and John J. Novocek, et ux., both of whom continue to own property to the west of appellants. Mr. Spark's predecessor in title purchased his tract on July 20, 1967, while Mr. Brady acquired his in August of that same year. One of appellees, Ronald Bramhall, purchased his piece of real estate on August 7, 1967, with the remaining appellees coming into possession between September of 1968 and June of 1971. All parcels of ground owned by appellees front on a fifty-foot right of way which extends eastward and connects to a public thoroughfare, Lowber Road. This right of way terminates on the eastern edge of appellants' property at the junction of appellants' separate tracts. Appellees now contend that they have the use of a thirty-foot easement (fifteen feet on the land of each appellant), extending west from the terminus of the fifty-foot right of way, across appellants' land, bisected by the mutual border, and ending at another township road which eventually connects with the Realton-Suttersville Road. Acting on this belief, appellees on March 5, 1976, entered upon the easement in order to effect certain improvements. On March 9, 1976, appellants filed a complaint in equity praying that appellees be enjoined from further construction. Following an evidentiary hearing, the court below denied appellants' request on July 7, 1976, with exceptions to this order being subsequently denied by the court en banc.

Appellees do not claim that this easement arises out of necessity or by implication, but from an explicit reservation made by the common grantors and passed to appellees by operation of law. Confronted with such an argument, we are forced to examine the pertinent language in the various deeds, bearing in mind two well accepted principles: "The primary object in the interpretation of any written instrument is to ascertain and effectuate the intention of the

parties." *Hess et al. v. Jones,* 335 Pa. 569, 572, 7 A.2d 299, 300 (1939); and " 'The law is jealous of a claim to an easement, and the burden is on the party asserting such a claim to prove it clearly.' " *Becker v. Rittenhouse,* 297 Pa. 317, 325, 147 A. 51, 53 (1929).

Inspection of the deeds reveals first that the contested easement is mentioned only in the deeds to appellants when it is reserved by the common grantors. The pertinent language in both deeds is identical:[1]

> "Excepting and Reserving unto the parties of the first part herein, their heirs and assigns, the full, free liberty and right at all times hereafter forever, to have and use a passageway 15 feet in width along the Southerly side of the land hereinabove described for any and all purposes connected with the use and occupation of other land now owned by the parties of the first part adjoining the land hereby granted."

All parties to this appeal agree that in none of the deeds to appellees is the thirty-foot easement mentioned either explicitly or by necessary implication.

Second, all deeds to appellees establish the existence of the fifty-foot right of way, although the method of the grant differs, *i. e.,* in certain deeds it is expressly established by course or distance description, or by attaching a survey, while in others it is conveyed by describing the land as bordering on an unnamed fifty-foot street.

Third, each deed to appellees contains identical appurtenance and habendum clauses. The appurtenance clause reads as follows:

> "Together With All and Singular the improvements, ways, waters, watercourses, rights, liberties, and privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim, and demand whatsoever of the said parties of the first

---

1. The sole difference in the description is the substitution of "Northerly side" in the Spark deed.

part, in law, equity or otherwise, howsoever, in and to the same of every part thereof."

The habendum clause reads thusly:

"To Have and To Hold and the said piece or parcel of land together with the hereditaments and premises hereby granted or mentioned, and intended so to be, with the appurtenances, unto the said parties of the second part, their heirs and assigns, to and for the only proper use and behoof of the said parties of the second part, their heirs and assigns forever."

Given these facts, we do not believe that the common grantors intended to convey to appellees the thirty-foot easement which they had specifically reserved. In *Fidelity Mortgage Guarantee Co. v. Bobb et ux.*, 306 Pa. 411, 160 A. 120 (1932), our supreme court reiterated that,

"[i]t is a familiar rule of construction that 'the express mention of one thing in a grant implies the exclusion of another.' 18 C.J. 260, § 216. This principle is exemplified in the rule that, where a road is expressly granted and its precise location and limits are fixed and defined by deed, no easement of another road or right of way is created by implication, except when the intention of the purpose that such an easement should be created clearly appears: *Bosch v. Hoffman*, 42 Pa.Super. 313." *Id.*, 306 Pa. at 418, 160 A. at 122.

*See* 23 Am.Jur.2d Deeds § 170 (1965) ("if a deed covers particular or express matters, the intention may be inferred to exclude other subjects which the general records of the deed may have been sufficient to include.")

■ We believe this principle to be applicable in the instant situation. In all the deeds, only the fifty-foot easement was clearly granted, either expressly or by implication from the description of the conveyed tracts. Indeed, none of these deeds offers even the slightest hint that an easement is being extended from the property conveyed in any direction other than east, *i. e.*, along the fifty-foot right of way connecting to Lowber Road. Although it was certainly within the power of the common grantors to convey the

thirty-foot easement which they had reserved, there is simply no indication that such was their intention. If this had in fact been their design, it would have been a simple matter to include a description of the thirty-foot easement. It stretches credulity to conclude that had the common grantors actually wished to transfer the contested easement, they would have specifically reserved their right to it in a deed in July 1967, yet fail to mention it in a deed later in July and August of that same year. The terms of the grant, as they can be learned either by express words or sound construction, will regulate the rights of the grantee. *See, e. g., Kanefsky v. Dratch Construction Co.,* 376 Pa. 188, 101 A.2d 923 (1954). Read in this light, we cannot believe that appellees received the thirty-foot easement in their conveyances.

Nevertheless, appellees argue that intent is here not the controlling factor. Rather, appellees reason that they acquired the easement by operation of law pursuant to the Act of April 1, 1909, P.L. 91, § 2, *as amended,* 21 P.S. § 3, which states:

"All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever, of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof."

In point of fact, statutory citations are hardly necessary, as our courts have continually recognized that appurtenant easements require no deed or writing to support them, but pass instead by a conveyance of the estate to which they are appurtenant. *E. g., Piper v. Mowris,* 466 Pa. 89, 351 A.2d 635 (1976); *Lauderbach-Zerby Co. v. Lewis,* 283 Pa. 250, 129

A. 83 (1925); *Rusciolelli v. Smith et ux.,* 195 Pa.Super. 562, 171 A.2d 802 (1961); *Paci v. Shipley,* 166 Pa.Super. 374, 71 A.2d 844 (1950). While the black letter law is clear, it is by its own language applicable only to easements appurtenant to the lands conveyed. Instantly, we do not believe that such a prerequisite is present. In order for an easement to be appurtenant, Restatement of Property § 453 (1944), requires that it must have been created for the purpose of benefitting the owner or possessor of the dominant estate in his use of the land. Comment (a) to that section notes that whether an easement was intended to be appurtenant, "may appear from the language by which it was created construed in the light of the circumstances under which the language was used, or may be implied from the circumstances under which it was created. . . ."

The present circumstances would appear to indicate that while the land of appellants is indeed a servient estate, the dominant estate is not that property owned by appellees, but the remaining property owned by the common grantors lying to the west of appellants' land. We agree with appellants that although no evidence appears of record that the common grantors ever improved the easement, neither was any evidence adduced indicating that they in fact did not use their reserved right. Even though the burden is on appellees to demonstrate that they have a positive right to the easement, we have been presented with no facts supporting such a claim.

The order of the court below is therefore reversed, and appellees are hereby enjoined from any further attempts at improving the thirty-foot easement across appellants' property.

SPAETH, J., files a dissenting opinion in which HOFF-MAN, J., joins.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

Appellants' deeds from the common grantors specifically reserved the respective fifteen foot easements to the common grantors, their heirs and assigns "for any and all purposes connected with the use and occupation of other land now owned by the [common grantors] adjoining the land hereby granted." Appellants thus purchased the land with knowledge that it was subject to an easement of fifteen feet on each parcel, or thirty feet altogether; in other words, they purchased servient estates. The dominant estate, as described in the deeds, was "other land now owned by the [common grantors] adjoining" appellants' lands. The common grantors later conveyed some of this "other land . . . adjoining" to appellees without specifying in the deeds that the easement across appellants' lands was included in the grants. Appellants argue that appellees have no right to the easement, and the majority of this court agrees: I must dissent.

The deeds to appellant expressly reserved the thirty foot easement to the common grantors and their heirs and assigns—appellees here. The fact that appellees' deeds made no mention of this easement is not significant because easements appurtenant pass by a conveyance of the estate to which they are appurtenant even though they are not mentioned in the deed. *See* Act of April 1, 1909, P.L. 91, § 2, *as amended,* 21 P.S. § 3 (1955); *Piper v. Mowris,* 466 Pa. 89, 351 A.2d 635 (1976); *Rusciolelli v. Smith,* 195 Pa.Super. 562, 171 A.2d 802 (1961); *see also Held v. McBride,* 3 Pa.Super. 155 (1896). This court set forth the principle in *Held v. McBride, supra* :

> It is settled law in Pennsylvania that an owner of land may arrange it as he pleases, doing no injury to others, and that any ways or other privileges which he may provide for the necessary or convenient use of the different parts of the land, or of the structures on it, will remain as servitudes upon the parts subjected to them by him, in the hands of subsequent purchasers with notice, or when the easements are continuous and apparent. The

easements thus created, being for the specific use of the lands for which they were provided, become appurtenances of those dominant estates and require no deed or writing to support them; they pass by a conveyance of the estates to which they are appurtenant.

*Id.* at 158–59.

The fact that appellees' deeds contain a reference to the fifty foot right of way and no reference to the thirty foot easement is also not significant because, as previously stated, under the Act of 1909 there was no need to mention the thirty foot easement in appellees' deeds. Moreover, the mention of the fifty foot right of way is not inconsistent with the silent preservation of the thirty foot easement as the latter constitutes a burden on appellants' lands while the former represents a burden on appellees' lands.

The majority attempts to avoid the result mandated by the Act of 1909 and the caselaw by defining appellees' lands as something other than dominant estates. According to the majority's interpretation, when the common grantors sold the middle parcels to appellants and retained the eastern and western parcels, they created an easement across the middle parcels to benefit only the western parcel, not the eastern parcels, which were soon thereafter sold to appellees. The lower court rejected this interpretation and rightly so, as there is no evidence that in any way supports it. The evidence upon which the lower court relied, *i. e.,* the language of appellants' deeds, describes the dominant estate as "other lands . . . adjoining" appellants' parcels. The deeds do not say western parcel and do not exclude the eastern parcels. The common grantors could have so limited the deeds but they did not; the use of the phrase "other lands . . . adjoining" must mean all the other lands adjoining, including the eastern parcels. That the later sales to appellees did not extinguish the rights of the holders of the eastern parcels is clear, for "An appurtenant easement exists for the benefit of the dominant tenement as an entirety, and not solely for any particular part thereof. . . [and] if the dominant estate is divided, the right is not

destroyed. The owner or assignee of any portion of that estate may claim the easement so far as it is applicable to his part of the property, provided the easement can be enjoyed as to the separate parcels without any additional burden upon the servient tenement." *Babcock Lumber Co. v. Faust,* 156 Pa.Super. 19, 29, 39 A.2d 298, 303 (1944).

I should therefore affirm the decision by the court below.

HOFFMAN, J., joins in this dissenting opinion.