425 A.2d 726

Robert H. BRADY, Jr. and Barbara B. Brady, his
wife, Appellees,

v.

John YODANZA and Rose M. Yodanza, his wife, Kenneth R.
Kruchensky and Dianne K. Kruchensky, his wife, Dennis D.
Lawrenzi and Carol L. Lawrenzi, his wife, Roland Calvin Bram-
hall and Darryl L. Bramhall, his wife, Robert F. McCorkle and
Cecelia R. McCorkle, his wife, Joyce E. Hall, a/k/a Joyce Hall,
and Rose Marie Adamcik, Appellants.

James A. SPARK, Appellee,

v.

John YODANZA and Rose M. Yodanza, his wife, Kenneth R.
Kruchensky and Dianne K. Kruchensky, his wife, Dennis D.
Lawrenzi and Carol L. Lawrenzi, his wife, Roland Calvin Bram-
hall and Darryl L. Bramhall, his wife, Robert F. McCorkle and
Cecelia R. McCorkle, his wife, Joyce E. Hall, a/k/a Joyce Hall,
and Rose Marie Adamcik, Appellants.

Supreme Court of Pennsylvania.

Argued Sept. 29, 1980.

Decided Feb. 4, 1981.

Gary Selway, Roland T. Keddie, Greensburg, for appellants.

188

John N. Scales, Kenneth L. Murray, Scales & Shaw, Greensburg, for appellees.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This case arose as an attempt by the appellees, Brady and Spark, to enjoin the appellants' use of a 30-foot strip of land as an easement appurtenant to their land. The sole issue for review is whether the appellants have a right-of-way easement over the land of the appellees Brady and Spark. We agree with the trial court's conclusion that the appellants do have a right of way and therefore we reverse the holding of the Superior Court, 269 Pa.Super. 31, 409 A.2d 48, and reinstate the decree of the Westmoreland County Court of Common Pleas in No. 771 and 772.

The facts are not disputed. All the parties are ultimate purchasers from common grantors, John Filapose et ux. and John Novacek et ux. All parties take out of a single large tract of land originally owned by the common grantors. The contested 30-foot-wide right-of-way easement is comprised of two equal, adjoining 15-foot-wide easements and has as its center line the common boundary line of the Spark and Brady properties. Brady and Spark took title subject to the following provision which appears in the deed from the common grantors to Brady and in the chain of title to Spark. The clause is identical in each case except for the substitution of Northerly for Southerly:

> Excepting and Reserving unto the parties of the first part herein, their heirs and assigns, the full, free liberty and right at all times hereafter forever, to have and use a passageway 15 feet in width along the Southerly side of the land hereinabove described for any and all purposes connected with the use and occupation of other land now owned by the parties of the first part adjoining the land hereby granted.

The parcels today owned by the appellants were, at the time the conveyances were made to Brady and Spark, part of the land retained by the grantors and, hence, were adjoining lands.

The conveyances to the appellants, Yodanza et al., granted to each grantee a right-of-way easement 50 feet wide which is an extension of the 30-foot easement in question, the two appearing to make one straight right of way. None of these deeds makes reference to the 30-foot easement, but each contains a standard appurtenances clause.[1]

Turning first to the effect of the reservation clause which appears in the deeds from the common grantors to the appellees, we conclude that, by virtue of this clause, the lands of the appellees are made servient tenements burdened by a 30-foot right of way. The dominant tenement, as stated by the clause itself, is "adjoining lands" owned by the common grantors.

Existence of a servient tenement for the beneficial use of a dominant tenement is a prerequisite to the creation of an easement appurtenant. *Woodlawn Trustees, Inc. v. Michel*, 418 Pa. 398, 211 A.2d 454 (1965). Creation of an easement appurtenant is accomplished by reserving unto the grantor an easement or right of way over the land conveyed, said right of way being intended to benefit other lands retained by the grantor. This reservation is conceptually fused with the land it benefits and passes with the land if there is a subsequent conveyance. An expressly created easement appurtenant can conceivably last forever.[2]

---

1. "TOGETHER WITH ALL AND SINGULAR THE improvements, ways, waters, watercourses, rights, liberties, and privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim, and demand whatsoever of the said parties of the first part, in law, equity or otherwise, howsoever, in and to the same of every part thereof."

2. Mere non-use, no matter how long extended, will not result in extinguishment of an easement created by deed. *Baptist Church in*

"It is settled law in Pennsylvania that an owner of land may arrange it as he pleases, doing no injury to others, and that any ways or other privileges which he may provide for the necessary or convenient use of the different parts of the land, or of structures on it, will remain as servitudes upon the parts subjected to them by him, 'in the hands of subsequent purchasers with notice, or when the easements are continuous and apparent. The easements thus created, being for the specific use of the lands for which they were provided, become appurtenances of those dominant estates, and require no deed or writing to support them; they pass by a conveyance of the estates to which they are appurtenant":

*Paci v. Shipley*, 166 Pa.Super. 374, 71 A.2d 844, (1950), *citing Held v. McBride*, 3 Pa.Super. 155, 158; *Ozehoski v. Scranton Spring Brook Water Service Co.*, 157 Pa.Super. 437, 43 A.2d 601 (1945).

Many cases recognize that where an easement is annexed as an appurtenance to land by an express or implied grant or reservation (here, an express reservation), or by prescription, it passes with a transfer of the land although not specifically mentioned in the instrument of transfer. *See e. g., Piper v. Mowris*, 466 Pa. 89, 351 A.2d 635 (1976); *Woodlawn Trustees, Inc. v. Michel*, 418 Pa. 398, 211 A.2d 454 (1965); *Hibberd v. Greenstein*, 263 Pa. 527, 107 A. 28 (1919); *Chambersburg Shoe Mfg. Co. v. Cumberland Valley Railroad Co.*, 240 Pa. 519, 87 A. 968 (1913). Here, the reservation clause created a right-of-way easement which burdened the appellees land and benefited adjoining lands retained by the common grantors. At a later date, when these adjoining lands were conveyed to appellants, the benefit of the right-of-way easement passed to the appellants as purchasers of the dominant estate. It is not necessary, as the appellees have argued, for this easement appurtenant to have been expressly granted to the appellants. To the contrary, the

*the Great Valley v. Urquhart*, 406 Pa. 620, 629, 178 A.2d 583 (1962), *citing Graham v. Water Power Corp.*, 315 Pa. 572, 173 A. 311 (1934).

easement passes by operation of law. Unless the common grantors limit or make personal the right of way, it is an appurtenance to the land it benefits.[3] Here, the common grantors reserved to themselves, their "heirs and assigns" this right of way; such language would not appear to be words of limitation or of creation of an easement in gross.

The Superior Court concluded that the reservation clause did create an easement appurtenant but only in the lands of the common grantors to the *west* of the Brady and Spark parcels. This conclusion is unsupportable. The record does not even indicate who owns the land to the west and at the time of the conveyance to Brady and Spark, the common grantors still held the lands to the east of the Brady and Spark parcels and the reservation was to benefit "other land now owned by the parties . . . and adjoining the land hereby granted." This language does not hint at the possibility that the common grantors intended that the reserved easement should benefit only part of their retained land. "If the words of a deed are sufficiently clear to define the character and extent of a reservation, they speak for themselves and there is no room for construction against a grantor and in favor of a grantee." *Baptist Church in the Great Valley v. Urquhart*, 406 Pa. 620, 625, 178 A.2d 583, 586 (1962), *citing Walker v. Walker*, 153 Pa.Super. 20, 33 A.2d 455 (1943). The words of the clause are abundantly clear. The reservation is for "any and all purposes connected with the use and occupation of *other land now owned by the parties of the first part adjoining the land hereby granted.*" (emphasis supplied). To construe this clause as benefiting only the grantors' lands to the west and not benefiting those lying to the east, which the grantors owned at the time of the conveyances, is to transform plain language into language endowed with unjustified and unsupportable meaning.

3. *Maranatha Settlement Association, Inc. v. Evans*, 385 Pa. 208, 122 A.2d 679 (1956).

The appellees took title subject to this reservation of a right of way easement and must live with it.[4]  They seek to overcome this result by arguing that a careful reading of all the deeds from the common grantors to the various appellants shows that the intention of the common grantors was to grant the 50-foot right of way and nothing else.

■ This conclusion is not, as appellees argue, supported by the language of the deeds.  Nowhere does there appear any indication that the appellants were to benefit from the 50-foot easement *only*.  As stated earlier, mere failure to mention the already existent 30-foot easement appurtenant does not extinguish it.

■ The 30-foot easement appurtenant also passes to the appellants by two other methods.  The appurtenances clause in the deeds purports to convey, from the common grantors, the land described "[t]ogether with all and singular the . . . improvements, ways, . . . rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in any wise appertaining . . . . "  This clause serves to pass the easement appurtenant.  Even without the appurtenances clause, the 30-foot easement would pass under Section 3 of the Act of 1909, April 1, P.L. 91, § 2;  1925 April 30, P.L. 404, § 2;  21 P.S. § 3 which provides:

> All deeds or instruments in writing for conveying or releasing land hereafter executed, granting or conveying lands, unless an exception or reservation be made therein, shall be construed to include all the estate, right, title, interest, property, claim, and demand whatsoever; of the grantor or grantors, in law, equity, or otherwise howsoever, of, in, and to the same, and every part thereof, together with all and singular the improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereto belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof.

4.  Since none of the various methods of termination have been argued to this Court, we need not address that possibility.

This section, worded very much like the appurtenances clause in this case, appears to serve the same purpose and have the same effect as an appurtenances clause, so as to negate in this case the necessity of an appurtenances clause to pass the easement to appellants.

Superior Court found that the common grantors did not intend to convey to the appellants the 30-foot easement which they expressly reserved because the covenants specifically conveyed the 50-foot easement. Relying on the following language from *Fidelity Mortgage Co. v. Bobb et ux.*, 306 Pa. 411, 160 A. 120 (1932), the Superior Court denied the appellants access to the right of way:

> "[i]t is a familiar rule of construction that 'the express mention of one thing in a grant implies the exclusion of another.' 18 C.J. 260, section 216. This principle is exemplified in the rule that: Where a road is expressly granted and its precise location and limits are fixed and defined by deed, no easement of another road or right of way is *created by implication*, except when the intention of the purpose that such an easement should be created clearly appears: *Bosch v. Hoffman*, 42 Pa.Super. 313." Id., 306 Pa. at 418, 160 A. at 122 (emphasis added.)

*Brady v. Yodanza*, 269 Pa.Super. at 35–36, 409 A.2d at 50–51.

While this language at first glance seems persuasive, it must be noted that the holding in *Bosch v. Hoffman* involved an easement by *implication*, not an express reservation of an easement as is the case here. The easement in question was created by express reservation in the deeds to Brady and Spark and as such, this quoted language, relied ·upon by the Superior Court, is inapplicable.

■ One who purchases land expressly subject to an easement or with notice that it is burdened with an existing easement (here, the appellees, Brady and Spark) takes the land subject to the easement irrespective of whether the deeds to the dominant landowners expressly grant the easement appurtenant. *Lauderbach-Zerby Co. v. Lewis*, 283 Pa. 250, 129 A. 83 (1925); *Paci v. Shipley*, 166 Pa.Super. 374, 71

A.2d 844 (1950); *Ozehoski v. Scranton Spring Brook Water Service Co.*, 157 Pa.Super. 437, 43 A.2d 601 (1945); *Ulrich v. Grimes*, 94 Pa.Super. 313 (1928).

We conclude, therefore, that the title of appellees is subject to a right-of-way easement in the appellants, notwithstanding the fact that no reference to this easement appears in the deeds to appellants.

Reversed. Decree of the Court of Common Pleas of Westmoreland County at 771 and 772 is reinstated. Each party to bear own costs.