**Arnold v. Stump**

*Andrea Eveler Stanley,* for plaintiffs.
*Edward B. Golla,* for defendants.

ERB, *J.,* December 31, 1986 —

## ISSUES

This is an action in equity in which plaintiffs seek to enjoin defendants from interfering with an alleged easement for ingress and egress to, from, and over a 25-foot-wide private right-of-way extending across land owned by defendants. The two issues to be resolved by the chancellor are whether plaintiffs are entitled to the right-of-way, and if so, whether defendants have interfered with that right-of-way in a manner that should be enjoined by the chancellor.

## STATEMENT OF FACTS

Plaintiffs and defendants are owners of real property located in North Hopewell Township. All the various lots and parcels owned by plaintiffs and defendants were conveyed originally from a common owner, Lewis J. Schell, who owned the entire tract which was subdivided into the lots conveyed to the parties in this case. The lots, so conveyed, were es-

tablished from a plan of lots, which was prepared by Charles C. Funke, Jr., Registered Surveyor, for Lewis J. Schell on April 13, 1965, and the lots were sold in accordance with said plan.

The deeds conveyed to plaintiffs contain the following language:

"Together with and subject to the use of a private road twenty-five (25') feet in width as a means of access from township road to the property herein conveyed and other property now or formerly of the Grantor, as is shown on a Plan of Grantor's land prepared by Charles C. Funke, Jr., on April 13, 1965."

The land conveyed to defendants, John H. Stump and Etta L. Stump, from Lewis J. Schell, was transferred by a deed, which contained the following language: "Together, with the right of the grantees, their heirs and assigns, to use a private road 25 feet in width across other property of the grantor as a means of access from a township road to the property herein conveyed, all as is shown on a plan prepared by Charles C. Funke, Jr., Registered Surveyor, on April 13, 1965." In 1984, defendants purchased an additional lot known as Lot No. 12, as shown on said plan. The deed, conveying this lot to the defendants, while it does not contain any language concerning the use of the 25-foot private road, does refer to the premises as "Lot No. 12 on a Plan of Lots of Lewis J. Schell, made by Charles C. Funke, Jr., Registered Surveyor, on April 13, 1965" and also defines the appropriate boundary as "extending thence by the center of said private road." The lot, last conveyed to defendants, (Lot No. 12; Parcel 60A), was used as a residence by Lewis J. Schell until his death on September 15, 1968.

From April 13, 1965, until August 2, 1985, the owners of the lots, including the defendants, used the 25-foot private road to gain access to Township

Road T-689, to visit other lot owners along the private road and to gain access to an established right-of-way over the Hoffman farm property, particularly in winter weather. This access over the Hoffman property became the primary route of travel for plaintiffs and defendants, their family members, servants, employees, guests and tradesmen during the past 20 years and was used by the common grantor, Lewis J. Schell, until his death. On July 30, 1985, defendants notified plaintiffs that they could no longer use the private road to gain access to the Hoffman property and subsequently barricaded the road on August 2, 1985.

## DISCUSSION

An easement has been defined as a right to use another's land for a precise and definite purpose not inconsistent with the owners' general right of property. Bowley v. Koze, 31 D. & C. 2d 504 (1964). One cannot have an easement in his own property since in such case the title merges. Id. Easements may be created by various means and methods, but in the present case, the easement in question was created by express grant in the deeds from the common grantor, Lewis J. Schell.

The construction of deeds or other instruments creating easements are subject to the same rules of construction as other contracts to determine the rights acquired. Percy A. Brown & Co. v. Raub, 357 Pa. 271, 54 A.2d 35 (1947). An express grant of an easement must be construed in accordance with the ordinary and natural meaning of the words used and in accordance with the parties' intention, with reference to the attending circumstances known to the parties at the time the grant was made. Brady v. Yodanza, 493 Pa. 186, 425 A.2d 726 (1981); Merrill

v. Mfgrs. Light and Heat Co., 409 Pa. 68, 185 A.2d 573 (1962).

In this case, plaintiffs and their predecessors in title were conveyed lots in which the deeds contained clear language referring to the right-of-way shown on the plan, which laid out the lots, and which grants an easement to the grantee of the lot conveyed to use the "private road as means of access from a township road." This easement, therefore, was conveyed to plaintiffs and the successors in title, together with the land, and subjected the remaining land owned by the grantor to that easement. It is clear, therefore, that defendants took the property subject to the road.

It is a well-established rule of law that whenever a lot of land is sold with reference or according to a map or plan of lots upon which streets or alleys are laid out by the grantor over his property, the grantee of the lot automatically acquires a private right-of-way easement over all such streets and alleys in the plan, appurtenant to the lot, unless a contrary intention is clearly manifested. O'Donnell v. Pittsburgh, 234 Pa. 401 (1912); Balog v. Marlow and Sheets, 30 D.&C. 3d (1980). Both plaintiffs and defendants have a right to use said private road, unless the same has been abandoned by all the parties or an agreement reached limiting its use or terminating its use. According to the evidence, this has never been done. Defendants contend that since the private road extends from the public road past lands of the plaintiffs, then past their land to land of another party, it was the intent that the right-of-way could be used by plaintiffs only in the direction that the road itself abuts the public road. It is clear that the parties have used a right-of-way over the land abutting the other end of the private road to reach the public road.

When examining the language of the grant, we must look to the surrounding circumstances at the time of the grant and the intentions of Lewis J. Schell at the time the properties were deeded. After the April 13, 1965, survey, Lewis J. Schell began to convey parcels to his family members, while retaining Lot No. 12 (Parcel 60A) and maintaining a residence until his death in 1968. It is apparent that the grantor contemplated that in addition to using the road to gain access to List Road, and it has been established that access to that road was gained, almost from the beginning of the subdivision of the tract, across the Hoffman property.

An aerial photo of the area shows that in 1966, the Hoffman property access route to the township road existed and the evidence supports a finding that owners gained access across the Hoffman property to the township road in light of the fact that the ultimate private-road access was rocky and hilly in 1965. In fact, prior to the grantor's death, the testimony shows that he used the Hoffman property access to gain access to the township road.

Accordingly, since defendants do not own any portion of the private road in fee simple, but rather take subject to the easement, which was granted to plaintiffs or their predecessors in title, they are not entitled to barricade the road.

## CONCLUSIONS OF LAW

Plaintiffs have established their right to use the 25-foot right-of-way across lands of defendants for access to the township road.

Defendants have blocked that access.

Plaintiffs are, therefore, entitled to a decree enjoining further interference with their right to use the said right-of-way by defendants.

Accordingly, we enter the following decree nisi.

## DECREE NISI

And now, this December 31, 1986, plaintiffs' petition is granted and defendants are hereby permanently enjoined from obstructing or interfering with plaintiffs' right to the use of and passage over the 25- foot right-of-way as shown on the plot plan attached to the adjudication herein, and defendants are further directed to remove from said right-of-way any obstruction or impediment to such use or passage which have been constructed or installed by them.

The prothonotary shall forthwith furnish copies of this adjudication and give notice of the entry of this decree nisi to counsel of record for the parties. In the absence of exceptions hereto as provided by law, this decree shall be entered as a final decree.