J-A27040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SADDLEWOOD CONDOMINIUM ASSOCIATION, INC., | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH N. DeNARDO, SHARI DeNARDO AND JOSEPH N. DeNARDO, t/d/b/a J.N.D. PROPERTIES, AND SADDLEWOOD HOMEOWNERS ASSOCIATION, INC. | : | |
| | : | |
| APPEAL OF: JOSEPH N. DeNARDO, SHARI DeNARDO AND JOSEPH N. DeNARDO, t/d/b/a J.N.D. PROPERTIES, | : | |
| | : | |
| Appellants | : | No. 159 WDA 2014 |

Appeal from the Order entered on December 27, 2013
in the Court of Common Pleas of Allegheny County,
Civil Division, No. GD 10-004501

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 14, 2014**

Joseph N. DeNardo, Shari DeNardo and Joseph N. DeNardo, t/d/b/a

J.N.D. Properties (collectively "Appellants"),[1] appeal the Order granting in

part the Motion for Summary Judgment filed by Saddlewood Condominium

---

[1] Saddlewood Homeowners Association, Inc. ("SHA") is not a party to this appeal.

Association, Inc. ("SCA").[2]  We affirm.

Appellants developed the Saddlewood Condominium complex ("Saddlewood Condominium") in Allegheny County, Pennsylvania. Appellants also developed a separate planned community of homes, SHA, near Saddlewood Condominium.  Within the parcel of land declared to SHA, Appellants constructed a recreation area ("Recreation Area"), which includes an outdoor swimming pool and a clubhouse.

Appellants, as the declarant, filed and recorded the Declaration of Condominium of Saddlewood Condominium ("Declaration"), which makes reference to the Recreation Area, as follows:

---

[2] In this declaratory judgment action, SCA has moved to quash this appeal, contending that the trial court's Order is interlocutory in nature and, hence, not a final appealable order.  Appellee's Brief at 38-40.  Pursuant to Pa.R.A.P. 341(b)(2), an order is final if "a statute expressly defines it as final."  Section 7532 of the Declaratory Judgment Act ("DJA"), 42 Pa.C.S.A. § 7531 *et seq.*, provides that

> [c]ourts of record, within their respective jurisdictions, shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.  No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for.  The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. § 7532.  Because the trial court's Order declared certain rights of the parties, it has "the force and effect of a final judgment or decree," from which an appeal may properly lie.  ***See Nationwide Mutual Ins. Co. v. Wickett***, 763 A.2d 813, 818 (Pa. 2000) (holding that an order issued in a declaratory judgment action that negatively declared the rights and duties of the parties constituted a final order).

- 2 -

> Each Unit Owner and each person lawfully residing on the developed contiguous real estate is hereby granted a non-exclusive perpetual right and easement of access to and enjoyment in common with others, including non-unit owners, of the amenities and commercial and recreation facilities constituting the Recreation Area.

Declaration, at Section 4.1.5.1. Additionally, the Public Offering Statement ("POS") for Saddlewood Condominium, while not specifically mentioning the Recreation Area, indicates that the Saddlewood Condominium unit owners ("unit owners") will have "access to a private amenity area with swimming pool." Public Offering Statement, at Section 2.4. However, no reference is made to the Recreation Area in the original Plats and Plan for Saddlewood Condominium, nor in the seven Supplemental Plats and Plan for Saddlewood Condominium, all of which were filed and recorded in the Allegheny County Recorder of Deeds ("collectively Plats and Plan"). Additionally, neither the Declaration nor POS refer to any fee to be imposed on the unit owners to use the Recreation Area.

SCA is an association of the unit owners of the seventy-two condominium units in Saddlewood Condominium. Pursuant to the Declaration and By-Laws for Saddlewood Condominium, unit owners are required to pay a monthly assessment to SCA for common expenses incurred for maintenance of certain "Common Elements." **See** Declaration, at 2; By-Laws, at Section 5.3.1. The Recreation Area is not part of the Common Elements of Saddlewood Condominium. **See** Stipulation of the Parties, at 2. Nevertheless, unit owners are required to pay an additional

monthly fee to SCA of $40.00 per month ($480.00 per year) for access to the Recreation Area.[3] SCA, in turn, pays $34,560.00 per year to Appellants for access by unit owners to the Recreation Area.

In 2010, SCA filed a Complaint for Declaratory Judgment, seeking a declaration that the obligation to pay for access to the Recreation Area is contractual in nature, and that, accordingly, SCA's executive board has the authority to unilaterally terminate the contract for access to the Recreation Area, leaving SCA (and the unit owners) with no further liability to Appellants for payment of fees related to the Recreation Area. Appellants contested the action, claiming that the unit owners' right of access to the Recreation Area was created by easement, rather than by contract, thereby precluding SCA's executive board from terminating the unit owners' right of access to the Recreation Area and their corresponding obligation to pay the monthly fee.

Following a procedural history not relevant to the instant appeal, both parties filed Motions for Summary Judgment. The trial court granted, in part, SCA's Motion for Summary Judgment, and declared that the unit owners' right of access to the Recreation Area was contractual in nature, and

---

[3] The Recreation Area is also available for use by homeowners in SHA and tenants in a nearby apartment building, also developed by Appellants. Homeowners in the SHA and tenants in the apartment building also pay a similar fee to Appellants for use of the Recreation Area. The unit owners, homeowners and tenants must pay a separate fee of $50.00 per use to use the clubhouse.

that, accordingly, SCA's executive board had the authority to unilaterally terminate the contract for access to the Recreation Area.[4]  Appellants filed a timely Notice of Appeal.

On appeal, Appellants raise the following issues for our review:

1. Does the following language in [the] recorded [D]eclaration [] create a contract or an easement?

   Easement for Use of Recreation Area

   > Each Unit Owner and each person lawfully residing on the developed contiguous real estate is hereby granted a non-exclusive *perpetual right and easement of access* to and enjoyment in common with others, including non-unit owners, of the amenities and commercial and recreational facilities constituting the Recreation Area [].

2. In creating the above-described easement, was the subjective intent of [Appellants] to grant unit owners in [SCA] a legitimate, perpetual right of access to the Recreation Area by easement?

3. Is the [t]rial [c]ourt's ruling on [SCA's] Motion for Summary Judgment based upon incorrect findings of fact?

4. [Whether] a trial on damages is not an issue properly before the trial court [because] the [S]CA made no claim for damages in its Complaint [for Declaratory Judgment?]

---

[4] The trial court indicated that certain unresolved issues remaining in the case would proceed to trial, including the date on which the contract was terminated, the disposition of funds in an escrow account into which SCA has been paying the disputed monthly fees since the inception of this action, and whether SCA is entitled to be reimbursed for overpayment of fees related to the use of the Recreation Area.  ***See*** Trial Court Opinion, 12/27/13, at 1-2 (unnumbered).

Appellants' Brief at 4 (emphasis in original, capitalization omitted).[5]

Our standard of review of the grant of a motion for summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Phillips v. Lock***, 86 A.3d 906, 912 (Pa. Super. 2014) (citation omitted). Additionally, when the issue centers on the interpretation of an easement, which concerns a question of law, our scope of review is plenary. ***See***

***Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.***, 860 A.2d 547, 550 (Pa. Super. 2004).

In their first issue, Appellants contend that both the language giving rise to the unit owners' right of access to the Recreation Area, as well as the characteristics of the right of access, show that the right is an easement, rather than a lease or contract. Appellants' Brief at 20. Appellants assert that the Declaration grants the unit owners a non-exclusive perpetual right

---

[5] Appellants did not list their fourth issue in their Statement of the Questions Involved. ***See*** Pa.R.A.P. 2116(a) (stating that the statement of the questions involved must state concisely the issues to be resolved). However, this issue was raised in Appellants' Concise Statement of Matters Complained of on Appeal, and is discussed in their Brief. Therefore, we will address this issue.

of easement of access to the Recreation Area. *Id*. at 20-21. Appellants claim that the unit owners' access to the Recreation Area is an easement appurtenant, which inures to land (here, the individual condominium units) rather than to persons (as would a contract or lease). *Id*. at 21. In further support of their argument, Appellants contend that the unit owners will be divested of their right of easement if they convey their condominium units. *Id*. at 21-22. Appellants assert that an easement given by a condominium declaration cannot be unilaterally terminated or extinguished, and is not terminable under the Pennsylvania Uniform Condominium Act ("PUCA"), 68 Pa.C.S.A. §§ 3103-3414. Appellants' Brief at 22-23.

Additionally, Appellants contend that, even if the unit owners' right of access to the Recreation Area is deemed to be contractual, SCA may not terminate it because no vote was held among the unit owners. *Id*. at 25. Appellants assert that the right of access to the Recreation Area is referenced in the Declaration as well as in the POS. *Id*. Appellants point out that a Projected Budget attached to both the Declaration and the POS includes a line item reference to a "Land Amenity Fee" in the amount of $21,600.00, which, Appellants claim, established the monthly fee associated with the unit owners' access to the Recreation Area.[6] *Id*. Appellants contend that the Declaration can only be amended in accordance with the

_____

[6] The Projected Budget also includes a reference to "private amenities." However, neither the "Land Amenity Fee" nor the "private amenities" are defined or explained anywhere in the Projected Budget, Declaration or POS.

procedures specified in Section 3219(a)(1)(i) of the PUCA, which requires 67% of the unit owners to vote in favor of amending the Declaration. Appellants' Brief at 25. Appellants argue that the Act prohibits a rogue executive board, such as SCA's executive board, from attempting to act on behalf of the unit owners to amend the Declaration. *Id*. at 25-26 (citing 68 Pa.C.S.A. § 3303(b)).[7] Appellants also claim that there has been no vote to amend the POS, which specifies that the unit owners shall have access to "a private amenity area with a swimming pool." Appellants' Brief at 26. Appellants assert that SCA is trying to deprive the unit owners of a vested property right which is guaranteed to them by the PUCA, the Declaration and the POS. *Id*. at 27.

An easement is a right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose not inconsistent with a general property in the owner. *Clements v. Sannuti*, 51 A.2d 697, 698 (Pa. 1947) (citation and emphasis omitted).

> Creation of an easement appurtenant is accomplished by reserving unto the grantor an easement or right of way over the land conveyed, said right of way being intended to benefit other lands retained by the grantor. This reservation is conceptually fused with the land it benefits and passes with the land if there is a subsequent conveyance.

---

[7] Section 3303(b) provides, in pertinent part: "*Limitation on authority.* --The executive board may not act on behalf of the association to amend the declaration…." 68 Pa.C.S.A. § 3303(b).

*Brady v. Yodanza*, 425 A.2d 726, 727 (Pa. 1981). Generally, to be effective, an easement must be recorded. *See Amerikohl*, 860 A.2d at 549.

Our review of the record discloses no express easement. In *Forest Glen Condo. Ass'n. v. Forest Green Commons LP*, 900 A.2d 859 (Pa. Super. 2006), the principal case upon which Appellants rely, the trial court determined that a recreation area in a condominium complex that was being used by residents in a neighboring townhome subdivision constituted an express easement. However, in *Forest Glen Condo. Ass'n.*, the right of access to the recreation area was identified in a "Declaration and Agreement of Easements," which was executed by both the condominium association (as grantor) and the partnership owning the townhomes (as grantee), and was duly recorded prior to the filing of the declaration of condominium. *See id*. at 860-61. Our review of the record discloses no written agreement or express grant by Appellants, *as the owners of SHA and the Recreation Area*, of an easement in favor of Saddlewood Condominium pertaining to the Recreation Area. Nor has any such written agreement or express grant ever been filed or recorded. *See* Trial Court Opinion, 3/11/14, at 2 (unnumbered) (stating that no easement was recorded). Although both the Declaration and the POS generally reference the right of unit owners to use the Recreation Area, neither expressly created an easement. *See Assalita v. Chestnut Ridge Homeowners Ass'n*., 866 A.2d 1214, 1219 (Pa.

Cmwlth. 2005) (stating that the declaration of condominium, which made several references to the easement, did not *create* the easement in question). Accordingly, the trial court did not err by determining that no express easement was created.[8]

Similarly, our review of the record discloses no easement by implication. In **Assalita**, the Commonwealth Court determined that the easement in question, a pedestrian walkway in a subdivision of homes, was created by implication through the filed and recorded subdivision plan, which specified the easement. **See id**. at 1219. Here, the Plats and Plan are devoid of any reference to the Recreation Area. **See id**. Accordingly, we conclude that the trial court did not abuse its discretion in determining that no easement was created, either expressly or by implication, and that the unit owners' right of access to the Recreation Area is contractual in nature. **See** Trial Court Opinion, 3/11/14, at 2 (unnumbered) (stating that "there was no easement recorded on any plan….").

In their second issue, Appellants contend that a prior ruling made by the trial court, that "[SCA's executive b]oard cannot cancel [the contractual

---

[8] Based on our conclusion that no express easement was created, we need not determine the parties' intent at the time the unit owners' right of access to the Recreation Area was created. **See Merrill v. Mfgrs. Light and Heat Co.,** 185 A.2d 573, 575 (Pa. 1962) (stating that, "[t]o ascertain the nature of the easement created by an express grant we determine the intention of the parties ascertained from the language of the instrument. Such intention is determined by a fair interpretation and construction of the grant and may be shown by the words employed construed with reference to the attending circumstances known to the parties at the time the grant was made").

- 10 -

right of access to the Recreation Area] unless it was without a valid purpose on the part of the declarant," became the law of the case, which should have guided the trial court's adjudication of the parties' cross-motions for summary judgment. Appellants' Brief at 28 (citing Trial Court Opinion, 9/1/11, at 2). Appellants assert that they had a legitimate, lawful purpose in structuring the right of access to the Recreation Area, and that the arrangement is simple, reasonable and fair. Appellants' Brief at 30. Appellants contend that the Recreation Area has been operating at a deficit for years, the loan for the Recreation Area has not been fully paid, and that they are receiving no windfall or subsidy. *Id*. Appellants assert that the trial court erred by determining Appellants' subjective intent when creating the unit owners' right of access to the Recreation Area, as their subjective intent is a disputed issue of fact that precluded the trial court from granting summary judgment. *Id*. at 31, 32.

Section 3305 of the Act, which permits the termination of certain agreements by an executive board of a condominium association where such agreement was entered into by the declarant before the board took office, provides as follows:

Termination of contracts and leases of declarant.

If entered into before the executive board elected by the unit owners pursuant to section 3303(e) (relating to executive board members and officers) takes office:

(1) any management contract, employment contract or lease of recreational or parking areas or facilities;

(2)    any other contract or lease to which a declarant or an affiliate of a declarant is a party; or

(3)    any contract or lease that is not bona fide or was unconscionable to the unit owners at the time entered into under the circumstances then prevailing[.]

68 Pa.C.S.A. § 3305.  Section 3305 further states that termination may be accomplished without penalty "at any time" after the executive board takes office.  *Id*.

Here, the Appellants, as the declarant for Saddlewood Condominium, filed the Declaration.  Because the Declaration references the unit owners' right of access to the Recreation Area, the right of access was created before SCA's executive board took office.  Therefore, pursuant to section 3305, SCA's executive board was authorized to terminate the contractual right of access to the Recreation Area if any of the circumstances enumerated in subsections 3305(1), (2) or (3) were present.  Pursuant to subsection (2), SCA's executive board was authorized to terminate "any … contract … to which a declarant … is a party."  68 Pa.C.S.A. § 3305(2).  Because the contractual right of access was created by Appellants, as the declarant, SCA's executive board was authorized to terminate the contractual right of access to the Recreation Area.  *See id*.  Accordingly, the trial court did not err in so ruling.

Having determined that trial court did not abuse its discretion in granting partial summary judgment in favor of SCA, we need not address Appellants' third issue.

In their final issue, Appellants claim that the trial court erred by instructing the parties to proceed to trial on damages, when there is no claim for damages in SCA's Complaint for Declaratory Judgment. Appellants' Brief at 35-36. Appellants contend that SCA has not alleged any legal or factual basis to collect damages from Appellants. *Id*. at 36. Rather, Appellants contend, SCA merely asked for a declaration of the rights of the parties, which it has received, requiring an end to the litigation. *Id*.

Appellants failed to raise this issue before the trial court. Therefore, this issue is waived. *See* Pa.R.A.P. 302 (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Frey v. Harley Davidson Motor Co., Inc.*, 734 A.2d 1, 13 (Pa. Super. 1999) (finding appellant's claim of error in trial court's award of attorney's fees and costs waived for failure to include it in appellant's post

trial motion).[9]

Motion to Quash denied. Order affirmed. Case remanded for further proceedings. Superior Court jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2014

---

[9] Even if this issue had not been waived, we would have concluded that it lacks merit. "The purpose of the [DJA] . . . is to afford relief from uncertainty and insecurity with respect to legal rights, status and other relations." *Juban v Schermer,* 751 A.2d 1190, 1193 (Pa. Super. 2000) (citation omitted). The DJA describes the power of courts of record under the DJA as "the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." *Id*. (citing 42 Pa.C.S.A. § 7532). The legislature has also declared that the DJA is remedial, and is to be liberally construed. *Id*. (citing 42 Pa.C.S.A. § 7541). Additionally, the DJA provides for supplemental judicial relief based on a declaratory judgment or decree. *Id*. (citing 42 Pa.C.S.A. § 7538). Therefore, the trial court was authorized to order supplemental relief based on its grant of partial summary judgment to SCA.